IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| MATTHEW GABBERT & KELLY GABBERT<br><br>    Plaintiff<br><br>v.<br><br>JOSEPHINE COUNTY<br><br>    Defendants | Case No.<br><br>**COMPLAINT**<br>**JURY TRIAL DEMAND** |

1. Josephine County (the "County") has a longstanding policy of seizing properties that have unpaid tax debts, auctioning them for substantially more than the money owed, and keeping all of the profits for itself. The County's policy deprives residents of all the equity they accrued in their property. In May, the Supreme Court unanimously held that this kind of policy, which had been practiced in only a few states, violates the Takings Clause of the U.S. Constitution. *See Tyler v. Hennepin County*, 143 S.Ct. 1369 (2023).

2. Matthew Gabbert and Kelly Gabbert owned the parcel of land at 205 South Marble Street in Grants Pass, Oregon (the "Property"), free and clear, when they fell behind on their property taxes in 2018. After the Gabberts accrued $1,514.25 in property tax debt, the County seized the Property. The County then sold the Property at auction for $97,700, reaping a windfall of $96,185.75. Consistent with the County's longstanding policy, it kept the proceeds from the sale.

3. The Gabberts seek monetary damages for violations of their rights under the Fifth and Fourteenth Amendment to the United States Constitution.

## PARTIES

4. Plaintiff Matthew Gabbert is an adult citizen of the United States of America. He brings this suit in his individual capacity.

5. Plaintiff Kelly Gabbert is an adult citizen of the United States of America. She brings this suit in her individual capacity.

6. Defendant Josephine County is a legal entity formed and/or existing under the laws of the State of Oregon, controlled or operated by its duly designated Board of County Commissioners.

## JURISIDCTION AND VENUE

7. This is a civil action seeking unpaid "just compensation" and other monetary damages against Defendant for violations of the Fifth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343.

8. Venue is proper under 28 U.S.C. § 1391(b). Defendant Josephine County is a political subdivision located in the Medford Division of this District, and the events giving rise to the claims also occurred in the Medford Division of this District.

9. Pursuant to Local Civil Rule 3-2, this action is properly assigned to the Medford Division of this District.

## STATEMENT OF FACTS

10. On or around July 15, 2013, the Gabberts purchased the Property.

11. In March 2021, after the Gabberts accrued a tax debt of $1,514.25 (including both the past-due tax amount and compounding interest, fees, penalties, and costs), the County seized ownership of the Property through foreclosure proceedings.

12. On or around December 3, 2021, the County sold the Property for $97,700, a sum that was $96,185.75 in excess of the Gabberts' tax debt.

13. At the time of the foreclosure sale, the County did not offer any process that would have allowed the Gabberts to recover the surplus proceeds.

14. The County has not issued a refund to the Gabberts for the surplus proceeds it recouped from the sale of the Property.

15. The County has in identical fashion, and pursuant to its longstanding policy, kept surplus proceeds from the sale of other properties that were seized because of a tax debt.

16. At the December 2021 auction where the County sold the Gabberts' property, it also sold three other properties that it had seized in the same manner.

17. At the next annual sale, in September 2022, the County sold at least four properties it had seized in the same manner.

18. The County kept all proceeds of the December 2021 and September 2022 sales without offering any process for the property owner to recover their remaining equity.

## CLAIM FOR RELIEF

### Count I
### Taking: Fifth and Fourteenth Amendment
### 42 USC § 1983

19. Plaintiffs reallege and incorporate herein by reference the preceding and any subsequent paragraphs of this Complaint.

20. The County, acting under color of law and pursuant to its longstanding policy, unconstitutionally retained the surplus proceeds it received from the sale of

Plaintiffs' Property ($96,185.75) in violation of the Takings Clause. *See Tyler v. Hennepin County*, 143 S.Ct. 1369 (2023).

21. The County has not paid Plaintiffs just compensation in the form of the surplus proceeds it recovered from the sale of the Property.

22. Plaintiffs have suffered damages that this Court can remedy by an order and/or judgment for an award of damages.

## JURY DEMAND

23. For all triable issues, a jury is hereby demanded.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Matthew and Kelly Gabbert, demand a jury trial for all issues so appropriate and request that this Court order the following relief:

A. Enter an order for damages and/or compensation in the amount of the surplus equity (i.e., the difference between the foreclosure auction price and the tax debt);

B. Award pre- and post-judgment interest as permitted by law;

C. Enter an order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

D. Grant such other and further relief as this Court deems just and proper.

Date: October 3, 2023                    Respectfully Submitted,

                                                          ***/s/Michael Zhang***

Michael Zhang
Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd, Ste S
Portland, OR 97211
michael@qiu-qiulaw.com
908-938-6683

Shakeer Rahman*
838 E 6th St
Los Angeles, CA 90021
shakeer@loosr.net 323-546-9236

Akeeb Dami Animashaun*
355 S Grand Ave, Ste 2450
Los Angeles, CA 90071
dami@animashaun.me
929-266-3971

*Pro hac vice* application forthcoming