Michael Zhang (OSB No. 185180)
5020 Martin Luther King Jr. Blvd, Suite S
Portland, Oregon 97211
michael@qiu-qiulaw.com
908-938-6683

*Attorney for Plaintiffs*
Additional Attorneys Listed on Next Page

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| MATTHEW GABBERT, KELLY GABBERT, DAVID ARNDT, BARBARA NEWKIRK, MICHAEL NEWKIRK, MICHAEL LANGSHAW, DALLIS BOWMAN, MELODY GIBSON, MICHELLE WEND, WILLIE WIEST, BOWEN WIEST, and DARREN MITCHELL, on behalf of themselves and all others similarly situated; VERNAL GATCHET, WILLIAM LICHATOWICH, SANDRA HEDGES and RICHARD SMITH | Case No. 1:23-cv-01434-CL |
| Plaintiffs | **THIRD AMENDED CLASS ACTION COMPLAINT JURY TRIAL DEMAND** |
| *v.* | |
| JOSEPHINE COUNTY, OREGON, MARION COUNTY, OREGON, JACKSON COUNTY, OREGON, COLUMBIA COUNTY, OREGON, and KLAMATH COUNTY, OREGON | |
| Defendants | |

Shakeer Rahman
838 E. 6th St
Los Angeles, California 90021
shakeer@loosr.net
323-546-9236

Jacob Loup*
400 Corporate Pointe, Suite 300
Culver City, California 90230
jl@louplaw.com
347-391-5009

Akeeb Dami Animashaun
355 S. Grand Ave, Suite 2450
Los Angeles, California 90071
dami@animashaun.me
929-266-3971

*Pro Hac Vice forthcoming*

1.     Josephine County, Marion County, Jackson County, Columbia County, and Klamath County (collectively, "County Defendants") have a longstanding policy of seizing properties that have unpaid tax debts, selling them for substantially more than the money owed, and keeping the profits. The Counties' policy deprives people of all the equity they accrued in their property. In May 2023, the Supreme Court unanimously held that this kind of policy, which had been practiced in only a few states, violates the Takings Clause of the U.S. Constitution. *See Tyler v. Hennepin County*, 143 S.Ct. 1369 (2023).

2.     Matthew Gabbert and Kelly Gabbert owned the parcel of land at 205 South Marble Street in Grants Pass, Oregon (the "Gabbert Property"), free and clear, when they fell behind on their property taxes in 2018. After the Gabberts accrued $1,514.25 in property tax debt, Josephine County seized their property. Josephine County then sold the property at auction for $97,700.00, reaping a surplus of more than $96,185.00. Consistent with Josephine County's longstanding policy, it kept the proceeds from the sale.

3.     David Arndt owned 4597 Lisa Street NE in Salem, Oregon (the "Arndt Property") when Marion County seized it to recover $13,513.43 in property tax debt. Marion County then sold the property for $352,000.00 and kept the surplus proceeds.

4.     Vernal Gatchet, William Lichatowich, Sandra Hedges, and Richard Smith owned 11863 Silverton Road NE, in Silverton, Oregon (the "Gatchet Property") when Marion County seized it to recover $5,734.75 in property tax debt. Marion County then sold the property for $245,000.00 and kept the surplus proceeds.

5.     Barbara Newkirk and Michael Newkirk owned 2725 Sykes Creek Road in Rogue River, Oregon (the "Newkirk Property") when Jackson County seized it to recover $3,484.62 in property tax debt. Jackson County then sold the property and kept the surplus proceeds.

6.      Debra Wend, the mother of Melody Gibson and Michelle Wend, owned 264 South 20th Street in St. Helens, Oregon (the "Wend Property") when Columbia County seized it to recover $6,980.76 in property tax debt. Debra Wend died the following year. Columbia County then sold the property for $65,246.00 and kept the surplus proceeds.

7.      Michael Langshaw and Dallis Bowman owned 31384 Wildwood Drive in Scappoose, Oregon (the "Langshaw Property") when Columbia County seized it to recover $1,514.25 in property tax debt. Columbia County then sold the property for $103,326.00 and kept the surplus proceeds.

8.      Willie Wiest and Bowen Wiest owned a parcel in Klamath Heights, Oregon that Klamath County seized to recover $289.83 in property tax debt. Klamath County then sold the property for $5,500.00 and kept the surplus proceeds.

9.      Darren Mitchell owned 931 Lincoln Street in Klamath Falls, Oregon (the "Mitchell Property") when Klamath County seized the property to recover $11,494.99 in property tax debt. Klamath County then sold the property for $25,000.00 and kept the surplus proceeds.

10.      Plaintiffs seek monetary damages on behalf of themselves and all others similarly situated for violations of their rights under the Fifth and Fourteenth Amendment to the United States Constitution and under Article 1, Section 18 the Oregon Constitution.

## PARTIES

11.      Matthew Gabbert, Kelly Gabbert, David Arndt, Michael Newkirk, Barbara Newkirk, Melody Gibson, Michelle Wend, Michael Langshaw, Dallis Bowman, Willie Wiest, Bowen Wiest, and Darren Mitchell are adult citizens of the United States of America. They bring this suit in each of their individual and representative capacities.

12.      Vernal Gatchet, William Lichatowich, Sandra Hedges, and Richard Smith are adult citizens of the United States of America. They bring this suit in each of their

individual capacities.

13.     Josephine County, Marion County, Jackson County, Columbia County, and Klamath County are each legal entities formed and/or existing under the laws of the State of Oregon, controlled or operated by their duly designated Board of County Commissioners.

## JURISDICTION AND VENUE

14.     This is a civil action seeking unpaid "just compensation" and other monetary damages against the County Defendants for violations of the Fifth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343.

15.     This Court has supplemental jurisdiction over Plaintiffs' Oregon constitutional claims pursuant to 28 U.S.C § 1367.

16.     None of Plaintiffs' claims are torts requiring a notice of claim under Oregon Revised Statutes 30.275.

17.     Venue is proper under 28 U.S.C. § 1391(b). The County Defendants are political subdivisions located in this District and the events giving rise to the claims also occurred in this District.

## STATEMENT OF FACTS

### I.     Josephine County

18.     On or around July 15, 2013, Matthew Gabbert and Kelly Gabbert purchased the Gabbert Property.

19.     In October 2018, after the Gabberts accrued a tax debt of $1,514.25 (including both the past-due tax amount and compounding interest, fees, penalties, and costs), Josephine County foreclosed on the Gabbert Property.

20.     In December 2021, Josephine County sold the Gabbert Property for $97,700.00, a sum that was $96,185.75 in excess of the Gabberts' tax debt.

21.     At the time of the foreclosure sale, Josephine County did not offer any process that would have allowed the Gabberts to recover the surplus proceeds from the sale of their property.

22.     Josephine County has not issued a refund to the Gabberts for the surplus proceeds it recouped from the sale of the Gabbert property.

23.     Josephine County has in identical fashion, and pursuant to its longstanding policy, kept surplus proceeds from the sale of other properties that were seized because of a tax debt.

24.     At the December 2021 auction where Josephine County sold the Gabbert Property, it sold three other properties that it had seized in the same manner.

25.     At the next annual sale, in September 2022, Josephine County sold at least four properties it had seized in the same manner.

26.     Josephine County kept all proceeds of the December 2021 and September 2022 sales without offering any process for the property owner to recover their remaining equity.

## II.     Marion County

27.     David Arndt owned the Arndt Property in December 2019, when Marion County foreclosed on it to collect a $13,513.43 property tax debt.

28.     In April 2022, Marion County sold the Arndt Property for $352,000.00, a sum $338,486.57 in excess of Mr. Arndt's tax debt.

29.     Vernal Gatchet, William Lichatowich, Sandra Hedges, and Richard Smith owned the Gatchet Property in December 2019 when Marion County foreclosed on it to collect a $5,734.75 property tax debt.

30.     In April 2022, Marion County sold the Gatchet Property for $245,000.00, a sum that was more than $239,000.00 in excess of the tax debt.

31.    Marion County did not offer any process that would have allowed property owners to recover the surplus proceeds from the sale of their properties.

32.    Marion County has not issued a refund to the owners of the Arndt and Gatchet Properties for the surplus proceeds from the sale of their properties.

33.    Marion County has in identical fashion and pursuant to longstanding policy kept surplus proceeds from the sale of other properties it seized using tax debt.

34.    At the April 2022 auction where Marion County sold the Arndt and Gatchet Properties, it sold four other properties it had seized in a similar manner.

35.    Marion County kept all the proceeds of the April 2022 sales without offering any process for the property owner to recover their remaining equity.

### III.    Jackson County

36.     Michael Newkirk and Barbara Newkirk owned the Newkirk Property in September 2019, when Jackson County foreclosed on it to collect $3,484.62 in property tax debt.

37.    On July 31, 2023, Jackson County sold the Newkirk Property for $75,000.00, a surplus of more than $71,515.38.

38.    Jackson County did not offer any process that would have allowed the owners of the Newkirk Property to recover the surplus proceeds from the sale of their property.

39.    Jackson County has not issued a refund to the Newkirks for the surplus proceeds it recouped from the sale of their property.

40.    Jackson County has in identical fashion and pursuant to its longstanding policy kept surplus proceeds from the sale of other properties that were seized using tax debt.

41.    Jackson County has seized, sold, and kept the sale proceeds from at least

seven properties in a similar manner since 2020.

**IV.    Columbia County**

42.     Debra Wend owned 264 S 20th Street in St. Helens, Oregon in October 2017, when Columbia County foreclosed on it to collect $6,980.76 in property tax debt. After Ms. Wend passed away in 2020, her daughters Melody Gibson and Michelle Wend inherited her estate. On December 21, 2022, Columbia County sold the Wend Property for $65,246.00, a surplus of more than $58,265.00.

43.     Michael Langshaw and Dallis Bowman owned the Langshaw Property in 2020, when Columbia County seized it to collect $1,514.25 in property tax debt.

44.     On May 17, 2023, Columbia County sold the Langshaw Property for $103,326.00, a surplus of more than $101,800.00.

45.     At the time of the foreclosure sale, Columbia County did not offer any process that would have allowed the owners of the Wend and Langshaw Properties to recover the surplus proceeds from the sale of their properties.

46.     Columbia County has not issued a refund to the owners of the Wend and Langshaw Properties for the surplus proceeds from the sale of their properties.

47.     Columbia County has in identical fashion and pursuant to its longstanding policy kept surplus proceeds from the sale of other properties that were seized because of a tax debt.

48.     Columbia County seized and sold at least 29 properties in a similar manner from 2021 to 2023.

**V.    Klamath County**

49.     Willie Wiest and Bowen Wiest owned the Wiest Property in October 2019, when Klamath County foreclosed on it to collect $289.93 in property tax debt.

50.     On August 29, 2022, Klamath County sold the Rettig Property for $5,500.00, a surplus of more than $5,200.00.

51.     Darren Mitchell owned the Mitchell Property in November 2020, when Klamath County foreclosed on it to collect $11,494.99 in property tax debt.

52.     On May 1, 2023, Klamath County sold the Mitchell Property for $25,000.00, a surplus of $13,505.00.

53.     At the time of the foreclosure sale, Klamath County did not offer any process that would have allowed Willie Wiest or Bowen Wiest to recover the surplus proceeds from the sale of their property.

54.     Klamath County did not offer any process that would have allowed property owners to recover the surplus proceeds from the sale of their properties.

55.     Klamath County has not issued a refund to the owners of the Wiest and Mitchell Properties for the surplus proceeds from the sale of their properties.

56.     Klamath County has in identical fashion, and pursuant to its longstanding policy, kept surplus proceeds from the sale of other properties that were seized because of a tax debt.

57.     Klamath County seized and sold at least 80 properties in identical fashion during 2022 and 2023.

### CLASS ACTION ALLEGATIONS

58.     Plaintiffs bring this case as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

59.     The Class is defined as: All persons and entities, and any successor in interest, who owned property that the County Defendants foreclosed on to satisfy unpaid property tax debt and sold for more than the amount of the tax debt and whose post-foreclosure redemption period ended between October 23, 2017, and the trial date in this action.

60.     The class members are readily ascertainable: the names and relevant records of the class members are in the County Defendants' possession.

## Numerosity

61.     The Damages Class includes dozens, if not hundreds, of members.

62.     Undersigned counsel have identified several dozen people who had their property seized and sold by the County Defendants in the same manner as the Named Plaintiffs since 2020, a fraction of the Class Period.

63.     Because joinder of dozens or hundreds of plaintiffs would be impracticable, the proposed class satisfies the numerosity requirement.

## Commonality

64.     Named Plaintiffs seek relief that is common to the Class and common questions of law and fact exist as to the Class.

65.     Common legal and factual questions arise from one central scheme: the County Defendants' identical policy of seizing property based on property tax debt and keeping the surplus proceeds from the sale of the seized property.

66.     Resolution of common legal and factual issues will determine whether Class Members are entitled to the relief that they seek. Among these issues are:

a.  Whether the County Defendants have a policy of seizing property to satisfy unpaid property tax debt and keeping the surplus proceeds from the sale of the seized property.

b.  Whether it violates the United States constitution to seize property to recover a tax debt and keep the surplus proceeds from the sale of the seized property.

c.  Whether it violates the Oregon constitution to seize property to recover a tax debt and keep the surplus proceeds from the sale of the seized property.

## Typicality

67.     The Named Plaintiffs' claims are typical of the claims of the members of

the Class, and they have the same interests in this case as all other Class Members.

68.    The determination of whether the County Defendants' policy and practice is unlawful in the ways alleged will determine the claims of the Named Plaintiffs and every other Class Member.

## Adequacy

69.    Named Plaintiffs are capable of fairly and adequately protecting the interests of the Class because Named Plaintiffs do not have any interests antagonistic to the Class.

70.    There are no known conflicts of interest among Class Members, all of whom have a similar interest in vindicating their constitutional rights.

71.    Plaintiffs' counsel are experienced civil rights litigators and have invested significant time and resources investigating the unlawful policies and practices challenged herein.

## Predominance and Superiority

72.    Class treatment under Rule 23(b)(3) is appropriate because common questions of law and fact predominate over individual ones and a class action is the only practicable way—and, therefore, the superior way—of resolving this case.

73.    For the Named Plaintiffs, as well as for the members of the Class, this case turns on what the County Defendants' policies and practices are and whether those policies are lawful.

74.    The common questions listed above are dispositive questions in the case of every Class Member and will predominate over any individual questions.

75.    The question of liability can therefore be determined on a class-wide basis. Classwide treatment of liability, rather than individual suits by dozens or hundreds of Class Members, is a far superior method of determining the content and legality of the County Defendants' scheme.

76.    The question of damages will be driven by class-wide determinations of common questions. To the extent that individual damages will vary, they will vary depending on the amount of surplus proceeds the County Defendants received from the sales of seized properties.

77.    These damages can be determined in a ministerial fashion based on the County Defendants records.

## CLAIM FOR RELIEF

### Count I
### Taking: Fifth and Fourteenth Amendment
### 42 USC § 1983

78.    Plaintiffs reallege and incorporate herein by reference the preceding and any subsequent paragraphs of this Complaint.

79.    Plaintiffs David Arndt, Michael Langshaw, Dallis Bowman, and Darren Mitchell bring this claim on their own behalf and on behalf of a class of similarly situated individuals against Marion, Columbia, and Klamath Counties.

80.    Plaintiffs Vernal Gatchet, William Lichatowich, Sandra Hedges, and Richard Smith bring this claim on their own behalf against Marion County.

81.    Defendants Marion, Columbia, and Klamath Counties acting under color of law and pursuant to longstanding policies unconstitutionally retained the surplus proceeds they received from the sale of Plaintiffs' properties.

82.    Defendants Marion, Columbia, and Klamath Counties have not paid Plaintiffs and others similarly situated just compensation in the form of the surplus proceeds recovered from the taking and sale of their properties.

83.    Plaintiffs and the Class of similarly situated individuals have suffered damages that this Court can remedy by an order and/or judgment for an award of damages.

## Count II
## Taking: Article 1 § 18 of the Oregon Constitution

84.    Plaintiffs reallege and incorporate herein by reference the preceding and any subsequent paragraphs of this Complaint.

85.    Plaintiffs Matthew Gabbert, Kelly Gabbert, David Arndt, Barbara Newkirk, Michael Newkirk, Michael Langshaw, Dallis Bowman, Melody Gibson, Michelle Wend, Willie Wiest, Bowen Wiest, and Darren Mitchell bring this claim on their own behalf and on behalf of a Class of similarly situated individuals against the County Defendants.

86.    The County Defendants acting under color of law and pursuant to longstanding policies, unconstitutionally retained the surplus proceeds they received from the sale of Plaintiffs' properties, in violation of Article I, Section 18 the Oregon Constitution.

87.    The County Defendants have not paid Plaintiffs and others similarly situated just compensation in the form of the surplus proceeds recovered from the taking and sale of their properties.

88.    Plaintiffs and the Class of similarly situated individuals have suffered damages that this Court can remedy by an order and/or judgment for an award of damages.

## JURY DEMAND

89.    For all triable issues, a jury is hereby demanded.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the proposed Class, demand a jury trial for all issues so appropriate and request that this Court order the following relief:

A.    Certify this action as a class action pursuant to Rule 23 of the Federal

13

Rules of Civil Procedure, appointing all Named Plaintiffs as representatives for the Class and undersigned counsel as Class Counsel;

B.    Enter a judgment compensating Plaintiffs and Class Members for the damages that they suffered as a result of the County Defendant's unconstitutional and unlawful conduct in an amount to be determined at trial;

C.    Award pre- and post-judgment interest as permitted by law;

D.    Enter an order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

E.    Grant such other and further relief as this Court deems just and proper.

Date: _____, 2025                    Respectfully Submitted,

                                            */s/ A. Dami Animashaun*
                                            Akeeb Dami Animashaun
                                            355 S Grand Ave, Ste 2450
                                            Los Angeles, California 90071
                                            dami@animashaun.me
                                            929-266-3971