IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARTIN LYNCH, et al.**, | Case No. 3:23-cv-01502 |
| Plaintiffs, | **ORDER PRELIMINARILY APPROVING SETTLEMENT WITH CLACKAMAS COUNTY, CONDITIONALLY CERTIFYING CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE FOR FINAL APPROVAL HEARING** |
| v. | |
| **MULTNOMAH COUNTY, et al.**, | |
| Defendants. | |

**IMMERGUT, District Judge.**

Plaintiffs Baltazar Ortiz, Christopher Ferretti, and Brent Dorrell, individually on behalf of themselves and the proposed Settlement Class, seek preliminary approval of the Settlement Agreement between Plaintiffs and Defendant Clackamas County, Oregon in its entirety and approval of the notice procedure, the proposed Notices (Exhibits 1(B) and 1(C) to Plaintiffs' Motion for Preliminary Approval), the proposed Claim Form (Exhibit 1(F) to Plaintiffs' Motion for Preliminary Approval), and all of the requirements for potential Class Members to either opt-out of or object to the Settlement Agreement, and the conditional certification of the proposed Settlement Class.

This Court, having reviewed the pleadings in the case and the submissions of the parties with respect to preliminary approval of the proposed Settlement Agreement, and for good cause shown;

IT IS HEREBY ORDERED, this 26th day of November 2025, that pursuant to Federal Rule of Civil Procedure 23(e):

PAGE 1 – ORDER PRELIMINARILY APPROVING SETTLEMENT

1.  This Order incorporates by reference the definitions in the Settlement Agreement (a copy of which is attached to as Exhibit 1 to Plaintiffs' Motion for Preliminary Approval), and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2.  The Settlement Agreement, together with its attached exhibits and/or referenced documents, sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the Action. The Settlement Agreement was the result of an extensive, arm's length negotiation conducted between the parties over the course of several months.

3.  The Court will direct notice to the Settlement Class because giving notice is justified by Plaintiffs' showing that the Settlement Agreement is within the range of possible final judicial approval under Rule 23(e)(2). Specifically, the Settlement Agreement preliminarily appears to be (a) fair, reasonable, and adequate considering the relief provided in the Settlement Agreement and the relevant factual, legal, practical, and procedural considerations of the Action, and (b) free of collusion to the detriment of putative Class Members, subject to further consideration thereof at the Final Approval Hearing as described below. The Settlement Class appears likely to satisfy the prerequisites of Rule 23(a) and Rule 23(b)(3). Accordingly, the Settlement Agreement and the settlement are sufficient to warrant notice thereof and a full hearing before the Court on the final approval of the settlement.

4.  If, for any reason, the Settlement Agreement is not finally approved or does not become effective, this Order, shall be null and void and automatically deemed vacated. Neither the Settlement Agreement nor anything related to the negotiation, consideration, or approval of it shall be used, referred to, proffered, or admissible for any purpose in this Action or any other action or proceeding. In such event, the parties and the putative Class Members shall be returned to the

same litigation position that they were in prior to seeking preliminary approval of the Settlement Agreement, and they shall be free to raise all claims, defenses, and arguments as they would have been able to had they never negotiated or sought approval of the Settlement, including opposing class certification on any and all grounds (including but not limited to Rule 23(a) and (b)(3)).

5.      Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rule 23(a) and (b)(3), this Court hereby conditionally certifies the following class (the "Settlement Class"):

> All Persons and entities, and their heirs, successors and assignees, who owned, or had an ownership interest in, or a valid lien on real property that Defendant Clackamas County obtained through a foreclosure action to satisfy unpaid real estate taxes or other County or local government taxes and fees and associated fees and penalties, as set forth in the schedule attached hereto as Exhibit A, which the County (1) sold for an amount in excess of the unpaid taxes, fees and other costs associated with that property, and for which the statutory redemption period expired during the Class Period, or (2) which the County still owns as of the execution date of this Settlement Agreement and may sell for an amount in excess of the unpaid taxes, fees and other costs associated with that property, and for which the statutory redemption period expired during the Class Period.

6.      Consistent with the Settlement Agreement, the following are excluded from the Settlement Class:

> (i)    All governmental units and entities of any type whatsoever including, but not limited to, U.S. Department of Treasury, the Internal Revenue Service, the State of Oregon, and Clackamas County, albeit this provision does not apply to estate administrators who pursuing claims on behalf of a deceased Eligible Claimant's estate;
>
> (ii)   All former holders of an interest in an Eligible Property or Potential Eligible Property as to which any Eligible Claimant or Potential Claimant has submitted a request to be excluded from the Class under the procedures set forth in the Class Notice that is accepted by the Court and that is not timely revoked;
>
> (iii)  All former holders of an interest in an Eligible Property or Potential Eligible Property by reason of a lien to secure payment of a debt or

PAGE 3 – ORDER PRELIMINARILY APPROVING SETTLEMENT

        judgment, which debt or judgment has since been satisfied or released; and;

    (iv)    All Potential Claimants who have already resolved their claim for Surplus Proceeds against Clackamas County through a settlement agreement, release or final judicial judgment as to which there is no appeal pending and/or the time to appeal has expired.

7.    The Court preliminarily appoints Plaintiffs Baltazar Ortiz, Christopher Ferretti, and Brent Dorrell as the class representatives for the Settlement Class.

8.    Pursuant to Rule 23(g), the Court appoints Lead Counsel for the Settlement Class (Fink Bressack; Kohn, Swift & Graf, P.C.; and Preti, Flaherty, Beliveau & Pachios, LLP) and Liaison Counsel for the Settlement Class (Sugerman Dahab) (collectively "Class Counsel"), finding that Class Counsel are well-qualified and experienced in class action litigation, and will fairly and adequately represent the Settlement Class.

9.    Kroll Settlement Administration is hereby appointed as Claims Administrator to provide Notice to Potential Claimants as described in Paragraphs 22 through 27 of the Settlement Agreement, and to administer the process of soliciting, receiving, reviewing, approving or denying claims, and distributing funds.

10.    The proposed form, content, and procedures of notice to the Potential Claimants are approved. The Notice to be provided to the Potential Claimants clearly, concisely, and in plain language advises them of, among other things, the nature of the Action, the proposed Settlement Agreement, the definition of the Settlement Class, the claims the Settlement Class would release, the consideration the Settlement Class would receive, Class Counsel's intended application for attorneys' fees and expenses, putative Class Members' right to participate individually or through an attorney and object to the Settlement Agreement or any portion of it, putative Class Members' right to opt out and exclude themselves from the Settlement Agreement, and the binding nature of the Settlement Agreement if it is ultimately approved. The Notice to be provided to Potential

PAGE 4 – ORDER PRELIMINARILY APPROVING SETTLEMENT

Claimants is the best notice practicable under the circumstances, and constitutes due and sufficient notice of the proposed Settlement Agreement and this Order to all persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 and due process.

11. Within forty-five (45) days of entry of this Order, the Claims Administrator shall begin providing notice of the Settlement Agreement and the Final Approval Hearing to Potential Claimants as described in the Settlement Agreement, including by (i) mailing the written Notice, along with a Claim Form, to the most recent known address for each Potential Claimant; (ii) publishing the Summary Notice (Exhibit 1(C) to Plaintiffs' Motion for Preliminary Approval) in appropriate publications and electronically; (iii) issuing a press release which will provide summary information regarding the Settlement; and (iv) creating a dedicated website for the Settlement, www.ClackamasTaxForeclosureSettlement.com.

12. The deadline for Class Members to submit a Claim Form is 180 calendar days after entry of this Order.

13. No later than 60 calendar days after the mailing and publication of notice of the Settlement Agreement to the Settlement Class, any putative Class Member wishing to be excluded from the Settlement Class shall mail an opt-out request to the Claims Administrator conforming in all respects to the terms and provisions of the Notice. Those who timely and properly do so shall neither participate in the settlement nor release their claims, and they forego (a) all the benefits they might otherwise receive because of the settlement and (b) their standing to participate in the Final Approval Hearing or object to the proposed Settlement Agreement or any portion of it. Failure to opt out in strict compliance with the time and manner requirements set forth in the Notice shall result in waiver of the right to opt out. All potential Class Members who either do not

PAGE 5 – ORDER PRELIMINARILY APPROVING SETTLEMENT

attempt to or fail to properly and timely opt out shall remain part of the Settlement Class and, to the extent the Settlement Agreement is ultimately approved, shall be bound by the settlement.

14. The Notice shall designate the Claims Administrator as the entity to whom opt-out requests shall be sent. The Claims Administrator shall be responsible for the receipt of all responses from putative Class Members and shall preserve all opt-out requests and any and all other written communications from putative Class Members or any other person in response to the Notice until administration of the Settlement is complete or pursuant to further Order of this Court. All written communications received from putative Class Members and all written responses to inquiries by them relating to the Settlement Agreement and settlement shall be available at all reasonable times for inspection and copying by counsel for Defendant Clackamas County and Class Counsel, subject to further Order of the Court if issues of privilege or confidentiality arise.

15. Any Class Member who does not attempt to or fails to properly and timely opt out of the Settlement Class may, but is not required to, enter an appearance either *pro se* or through counsel of that Class Member's own choosing and expense. Any Class Member who does not enter a separate appearance shall be represented by Class Counsel. Class Members who are in favor of the proposed Settlement need not appear at the Final Approval Hearing or take any other action to indicate their approval.

16. Any Class Member who will challenge or object to the fairness, reasonableness, or adequacy of the Settlement Agreement or any portion of the settlement, including without limitation the amount of Class Counsel's requested fees and expenses must remain part of the Settlement Class and must serve on the Parties a timely and valid statement of Objection that complies with the Objection procedure described in the Notice. Any Objection must be filed with the Clerk of Court and postmarked no later than 60 calendar days after the mailing and publication

PAGE 6 – ORDER PRELIMINARILY APPROVING SETTLEMENT

of the Notice of the Settlement Class. Class Counsel shall file all such Objections with the Court at least 14 days before the Final Approval Hearing. Any objecting Class Member may appear at the Final Approval Hearing in person, with or without such Class Member's separate counsel. The scope of any objector's presentation of evidence or argument at the Final Approval Hearing shall be limited to such objector's written objection. Any Class Member who fails to file and serve an objection in compliance with the deadlines and procedures, and containing the information required by the Notice, shall be deemed to have forever waived and forfeited the right to object to the Settlement Agreement or any part of the settlement or to raise or pursue an objection at the Final Approval Hearing or at any point thereafter, including through appeal or as part of a separate proceeding.

17. Within ten days of the filing of the Motion for Preliminary Approval, Defendant's counsel shall send notice to the Attorney General of the United States, the Attorney General of the State of Oregon, and the appropriate state official of each state in which a class member resides, based on the last address known to Defendant. Each such notice shall contain all of the information required under 28 U.S.C. § 1715. At least seven (7) days before the Final Approval Hearing, Defendant's counsel shall file a report with the Court confirming that these notices were timely sent.

18. All other events contemplated under the Settlement Agreement to occur after this Order and before the Settlement Fairness Hearing described in this Order shall occur as proposed in the Motion for Preliminary Approval, to the extent not inconsistent herewith.

19. The motion for final approval and the motion for attorneys' fees and expenses shall be filed not later than 30 calendar days after mailing and publication of the Notice to the Settlement Class.

PAGE 7 – ORDER PRELIMINARILY APPROVING SETTLEMENT

20. A Final Approval Hearing shall be held before the undersigned at 9:00 am on Wednesday, March 18, 2026, in the United States District Court for the District of Oregon, 1000 SW 3rd Ave, Portland Oregon to consider the fairness, reasonableness, and adequacy of the proposed Settlement Agreement, the entry of any final order or judgment in the action, any application for attorneys' fees and costs, and other related matters. The Final Approval Hearing may be postponed, adjourned, conducted virtually or continued by further Order of this Court without further notice to the putative Settlement Class.

21. All proceedings in the action other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto are stayed and suspended as to Defendant Clackamas County only until further notice of this Court. Pending final determination of the fairness, reasonableness, and adequacy of the proposed Settlement Agreement, no putative Settlement Class Member, other than those who timely and properly have opted out of the Class, may either directly or indirectly prosecute, institute, or commence any individual or class action with respect to the subject matter of this Action.

**IT IS SO ORDERED.**

DATED this 26th day of November, 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 8 – ORDER PRELIMINARILY APPROVING SETTLEMENT