**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION**

| | |
|---|---|
| MATTHEW GABBERT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPHINE COUNTY, et al.,<br><br>Defendants.<br><br>JERRY BAKER,<br><br>Plaintiff,<br><br>v.<br><br>BAKER COUNTY,<br><br>Defendant. | Case No. 1:23-cv-01434-IM<br><br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT, CONDITIONALLY CERTIFYING CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE FOR FINAL APPROVAL HEARING**<br><br><br>Case No. 2:24-cv-01503-IM |

**IMMERGUT, District Judge.**

In these two consolidated actions, Plaintiffs Jerry Baker (Defendant Baker County); Michael Langshaw, Dallis Bowman, Melody Gibson, and Michelle Wend (Defendant Columbia County); Barbara Newkirk and Michael Newkirk (Defendant Jackson County); and David Arndt (Defendant Marion County), individually on behalf of themselves and the proposed Settlement Class, seek (a) preliminary approval of the Settlement Agreement between the above-named Plaintiffs and the above-named Defendants in its entirety, (b) approval of the proposed notice procedure and the proposed Class Notice (Exhibits 3 and 4 to Plaintiffs' Motion for Preliminary Approval), and all of the proposed requirements for potential Class Members to either opt out of

or object to the Settlement Agreement, and (c) the conditional certification of the proposed Settlement Class.

This Court, having reviewed the pleadings in the case and the submissions of the parties with respect to preliminary approval of the proposed Settlement Agreement, and for good cause shown;

IT IS HEREBY ORDERED:

1.     This Order incorporates by reference the definitions in the Settlement Agreement, attached and set forth in Exhibit 1 to the Preliminary Approval Motion.

2.     The Court preliminarily approves the Settlement Agreement, subject to further consideration by the Court at the time of the Final Approval Hearing. The Court preliminarily finds that the Parties have shown that the Court will likely be able to grant final approval of the Settlement Agreement as fair, reasonable, and adequate and certify the proposed class for purposes of judgment.

3.     The following attorneys are hereby appointed Class Counsel for the Settlement Class: Michael Zhang, Qiu-Qiu Law; Akeeb Dami Animashaun, Esq; Jacob Loup, Law Office of Jacob Loup; and Shakeer Rahman, Law Office of Shakeer Rahman.

4.     Class Counsel are authorized to act on behalf of the Settlement Class with respect to all acts or consents required by or which may be given pursuant to the Settlement, and such other acts reasonably necessary to consummate the Settlement.

5.     For purposes of the Court's preliminary approval of the Settlement only, the Court accepts the Parties' stipulated class definitions and certifies the Settlement Class, defined as:

> All persons and entities—and their heirs, successors, and assignees as defined under "Potential Claimants"—who held an ownership interest in, or a valid lien on, real property that Defendants obtained through a foreclosure action to satisfy unpaid real estate taxes or other County or local government taxes, fees, or

1

penalties and whose redemption period expired during the Class Period, as identified in the schedule attached as Exhibit 1, and which the Counties (1) sold for an amount exceeding the unpaid taxes, fees, and other costs associated with that property; or (2) donated, transferred, or retained, where the real market value at the time title transferred to the County exceeded the amount of unpaid taxes, fees, and other associated costs.

6.    In making this finding, the Court finds that the named plaintiffs—Jerry Baker (Defendant Baker County); Michael Langshaw, Dallis Bowman, Melody Gibson, and Michelle Wend (Defendant Columbia County); Barbara Newkirk and Michael Newkirk (Defendant Jackson County); and David Arndt (Defendant Marion County)—have adequately represented the Settlement Class; the Settlement Agreement was negotiated at arm's length and was not the product of collusion; and the relief provided for the Settlement Class is fair, adequate, reasonable, and within the range of possible approval, subject to further and final consideration at the Final Approval Hearing.

7.    The Court will retain discretion to appoint a United States Magistrate Judge to handle disputes relating to the interpretation, implementation, and enforcement of the Settlement Agreement. The Court may also itself resolve any such disputes.

2

**Notice**

8.    The form of notice and notice process attached and set forth in Exhibit 1 ¶ 7 and Exhibits 3 and 4 to the Preliminary Approval Motion are approved.

9.    The Court finds that the Class Notice and notice process reflect the best practicable notice under the circumstances—including individual notice to all Class Members who can be identified through reasonable diligence—and comply with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process. The Class Notice clearly and concisely states in plain, easily understood language: the nature of the action; the definition of the Settlement Class; the Settlement Class claims and issues; that a Class Member may enter an appearance through an attorney if the Class Member so desires; that the Court will exclude from the Settlement Class any Class Member who requests exclusion; the time and manner for requesting exclusion at the Final Approval Hearing; and the binding effect of a Final Judgment on Class Members under Federal Rule of Civil Procedure 23(c)(3).

10.    Class Counsel shall use reasonable means to contact any Class Members—including but not limited to regular U.S. mail, email, telephone calls, and in-person outreach at residential and other addresses related to Class Members.

11.    The Court approves and appoints Kroll Settlement Administration as the Settlement Administrator for this action, and to thereby perform and execute all such responsibilities as set forth in the Settlement Agreement.

12.    The cost of preparing, publishing, and serving the Class Notice, as well as the other expenses related to the publication and distribution of the Class Notice to the Settlement Class, shall be paid out of the Settlement Fund. Such costs shall not exceed $250,000.00.

**Deadlines**

3

13.    No later than 45 calendar days from the date of this Preliminary Approval Order, the Settlement Administrator shall cause to be disseminated the Class Notice, substantially in the form attached as Exhibit 3 to the Preliminary Approval Motion, in the manner set forth in the Settlement Agreement. At or before the Final Approval Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the required notice dissemination.

14.    The deadline for Class Members to submit a Claim Form is 180 calendar days after entry of this Order.

15.    No later than 60 calendar days after the mailing and publication of notice of the Settlement Agreement to the Settlement Class, any putative Class Member wishing to be excluded from the Settlement Class shall mail an opt-out request to the Claims Administrator conforming in all respects to the terms and provisions of the Class Notice. Those who timely and properly do so shall neither participate in the Settlement nor release their claims, and they forgo (a) all the benefits they might otherwise receive because of the Settlement and (b) their standing to participate in the Final Approval Hearing or object to the proposed Settlement Agreement or any portion of it. Failure to opt out in strict compliance with the time and manner requirements set forth in the Class Notice shall result in waiver of the right to opt out. All potential Class Members who either do not attempt to or fail to properly and timely opt out shall remain part of the Settlement Class and, to the extent the Settlement Agreement is ultimately approved, shall be bound by the Settlement.

16.    The Class Notice shall designate the Claims Administrator as the entity to whom opt-out requests shall be sent. The Claims Administrator shall be responsible for receiving all responses from Class Members and shall preserve all opt-out requests and any and all other

written communications from Class Members or any other person in response to the Class Notice until administration of the Settlement is complete or pursuant to further Order of this Court. All written communications received from putative Class Members and all written responses to inquiries by them relating to the Settlement Agreement and Settlement shall be available at all reasonable times for inspection and copying by Class Counsel and counsel for Defendants Baker County, Columbia County, Jackson County, and Marion County, subject to further Order of the Court if issues of privilege or confidentiality arise.

17.    Any Class Member who does not attempt to or fails to properly and timely opt out of the Settlement Class may, but is not required to, enter an appearance either pro se or through counsel of that Class Member's own choosing and expense. Any Class Member who does not enter a separate appearance shall be represented by Class Counsel. Class Members who are in favor of the proposed Settlement need not appear at the Final Approval Hearing or take any other action to indicate their approval.

18.    Any Class Member who will challenge or object to the fairness, reasonableness, or adequacy of the Settlement Agreement or any portion of the Settlement, including without limitation the amount of Class Counsel's requested fees and expenses, must remain part of the Settlement Class and must serve on the Parties a timely and valid statement of objection that complies with the objection procedure described in the Class Notice. Any objection must be filed with the Clerk of Court and postmarked no later than 60 calendar days after the mailing and publication of the Class Notice to the Settlement Class. Class Counsel shall file all such objections with the Court at least 14 days before the Final Approval Hearing. Any objecting Class Member may appear at the Final Approval Hearing in person, with or without such Class Member's separate counsel. The scope of any objector's presentation of evidence or argument at

the Final Approval Hearing shall be limited to such objector's written objection. Any Class Member who fails to file and serve an objection in compliance with the deadlines and procedures, and containing the information required by the Class Notice, shall be deemed to have forever waived and forfeited the right to object to the Settlement Agreement or any part of the Settlement or to raise or pursue an objection at the Final Approval Hearing or at any point thereafter, including through appeal or as part of a separate proceeding.

19.    Within ten days of the filing of the Motion for Preliminary Approval, Defendants' counsel shall send notice to the Attorney General of the United States, the Attorney General of the State of Oregon, and the appropriate state official of each state in which a class member resides, based on the last address known to Defendants. Each such notice shall contain all of the information required under 28 U.S.C. § 1715. At least seven days before the Final Approval Hearing, Defendants' counsel shall file a report with the Court confirming that these notices were timely sent.

20.    All other events contemplated under the Settlement Agreement to occur after this Order and before the Final Approval Hearing described in this Order shall occur as proposed in the Motion for Preliminary Approval, to the extent not inconsistent herewith.

### Final Approval

21.    The motion for final approval and the motion for attorneys' fees and expenses shall be filed not later than 45 calendar days before the date set for the Final Approval Hearing.

22.    A Final Approval Hearing shall be held on September 17, 2026, at 3:00p.m., to consider:

    a.    the fairness, reasonableness, and adequacy of the Settlement;

    b.    whether a Final Approval Order shall be entered;

    c.    any application for attorneys' fees and costs; and

        d.     any other matters that properly may be brought before the Court in connection with the Settlement.

23.     The date and time of the Final Approval Hearing shall be set forth in the Class Notice, but shall be subject to continuance by the Court without further notice to the Class Members other than that which may be posted at the Court.

24.     All proceedings in the action other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto are stayed and suspended as to Defendants Baker County, Columbia County, Jackson County, and Marion County only, until further notice of this Court. Pending final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no putative Class Member, other than those who timely and properly have opted out of the Class, may either directly or indirectly prosecute, institute, or commence any individual or class action with respect to the subject matter of this Action.

**IT IS SO ORDERED.**

DATED this 1st day of June, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

7