# Ex. 1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION**

| | |
|---|---|
| MATTHEW GABBERT, et al.,<br><br>               Plaintiffs,<br><br>       v.<br><br>JOSEPHINE COUNTY,<br>et al.,<br><br>               Defendants.<br><br>JERRY BAKER,<br><br>               Plaintiff,<br><br>       v.<br><br>BAKER COUNTY,<br><br>               Defendant. | Case No. 1:23-cv-01434-IM<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**<br><br><br>Case No. 2:24-cv-01503-IM |

In these two consolidated actions, Plaintiffs Jerry Baker (Defendant Baker County); Michael Langshaw, Dallis Bowman, Melody Gibson, and Michelle Wend (Defendant Columbia County); Barbara Newkirk and Michael Newkirk (Defendant Jackson County); and David Arndt (Defendant Marion County), individually on behalf of themselves and the proposed Settlement Class, seek final approval of the Settlement between them and the above-named Defendants in its entirety.

Upon consideration of Plaintiffs' Motion for Final Approval of Proposed Class Action Settlement with Defendants Baker, Columbia, Jackson, and Marion Counties, and having heard argument regarding the fairness and adequacy of the

1

Settlement Agreement at the Fairness Hearing conducted on September 17, 2026, the Court hereby orders and adjudges as follows:

1.    This Order incorporates by reference the definitions in the Settlement Agreement. *See* Lynch ECF 213-1 ¶ 1.

2.    The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Court's Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement Agreement; (d) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules; and (e) constituted notice that was reasonably calculated under the circumstances to apprise Class Members of (i) the pendency of the action; (ii) the effect of the proposed Settlement Agreement (including the releases to be provided thereunder); (iii) Class Counsel's proposed attorneys' fees; (iv) the Class Members' right to object to any aspect of the Settlement Agreement or Class Counsel's Motion for attorneys' fees; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Fairness Hearing. Settlement Notice was timely distributed by mail to all Class Members whose addresses could be located with reasonable effort, as well by publication, and Settlement Notice was published on the Settlement Website maintained by the Claims Administrator.

3.      Class Members have had the opportunity to be heard on all issues regarding the reasonableness and adequacy of the Settlement Agreement, including with respect to the resolution and release of their claims, by submitting objections to the Settlement Agreement to the Court, and by participating in the Fairness Hearing.

4.      The Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**; the settlement of the litigation as to Defendants Baker, Columbia, Jackson, and Marion Counties is **APPROVED** as fair, reasonable, and adequate; and the settling parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

5.      Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), this Court hereby certifies the following class (the "Settlement Class"):

> All persons and entities—and their heirs, successors, and assignees as defined under "Potential Claimants"—who held an ownership interest in, or a valid lien on, real property that Defendants obtained through a foreclosure action to satisfy unpaid real estate taxes or other County or local government taxes, fees, or penalties and whose redemption period expired during the Class Period, as identified in the schedule attached as Exhibit 1, and which the Counties (1) sold for an amount exceeding the unpaid taxes, fees, and other costs associated with that property; or (2) donated, transferred, or retained, where the real market value at the time title transferred to the County exceeded the amount of unpaid taxes, fees, and other associated costs.

6.      Consistent with the Settlement Agreement, the following are excluded from the Settlement Class:

> a.      All governmental units and entities of any type whatsoever, including, but not limited to, the U.S. Department of Treasury, the Internal Revenue Service, the State of Oregon and Counties,

3

albeit this provision does not apply to estate administrators who are pursuing claims on behalf of a deceased Eligible Claimant's estate;

b.    All former holders of an interest in an Eligible Property or Potential Eligible Property as to which any Eligible Claimant or Potential Claimant has submitted a request to be excluded from the Class under the procedures set forth in the Class Notice that is accepted by the Court and that is not timely revoked;

c.    All former holders of an interest in an Eligible Property or Potential Eligible Property by reason of a lien to secure payment of a debt or judgment, which debt or judgment has since been satisfied or released; and

d.    All Potential Claimants who have already released their claim for Surplus Proceeds against Counties through a settlement agreement, release, or final judicial judgment as to which there is no appeal pending and/or the time to appeal has expired. For avoidance of any possible doubt, this includes any claim from Marion County property at tax lot 103W12BA01500, assessor number 100557, and/or legal description Jefferson Mobile Home Subdivision, Block 1, Lot 13, Acres 0.149, which was already separately settled with prior owner Robert Halleman.

7.    The Court confirms the appointment of Plaintiffs Jerry Baker (Defendant Baker County); Michael Langshaw, Dallis Bowman, Melody Gibson, and Michelle Wend (Defendant Columbia County); Barbara Newkirk and Michael Newkirk (Defendant Jackson County); and David Arndt (Defendant Marion County), as the class representatives for the Settlement Class.

8.    The Court confirms the appointment of the following attorneys as Class Counsel for the Settlement Class: Michael Zhang, Qiu-Qiu Law; Akeeb Dami Animashaun, Esq; Jacob Loup, Law Office of Jacob Loup; and Shakeer Rahman, Law Office of Shakeer Rahman.

9. Class Counsel are authorized to act on behalf of the Settlement Class with respect to all acts or consents required by or which may be given pursuant to the Settlement, and such other acts reasonably necessary to consummate the Settlement.

10. For the purposes of settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in this action would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the representatives for the Settlement Class in the action are typical of the claims of the Settlement Class; (d) the persons and entities appointed as Class Representatives and Class Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of this action.

11. The Court finds that the Settlement Agreement was negotiated at arm's length over the course of several months between experienced counsel who were fully informed of the facts and circumstances of this litigation and of the strengths and weaknesses of the case, and the Settlement Agreement was not the product of collusion.

5

12.    Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement Agreement in all respects and finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate to the Settlement Class. In making this determination, the Court considered the following factors: (1) the strength of Plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the Class Members to the proposed settlement.

13.    The Court concludes, among other findings, that (a) the Class Representatives and Class Counsel have adequately represented the Class; (b) the Settlement Agreement was negotiated at arm's length; (c) the relief provided for the Class is adequate, taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing relief to the Settlement Class; and the proposed attorneys' fee award; (d) the proposal treats Class Members equitably relative to each other; and (e) the Settlement Agreement is in the public interest.

14.    With respect to the determination that the Agreement is fair, reasonable and adequate, the Court specifically notes that this litigation involves complex and novel factual and legal issues, and the settlement amount reflects a substantial settlement for Class Members.

15.    Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, notice was provided to the Attorney General of Oregon, the Attorney General of the United States, and the appropriate state official of each state in which a class member resides, based on the last address known to Defendant.

16.    All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

17.    This Order is binding on all Class Members, as no individuals validly and timely excluded themselves from the Settlement Class.

18.    Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, and discharged by virtue of these proceedings and this Order.

19.    The Court hereby permanently enjoins and restrains Class Members who did not validly, timely, and in the manner provided for in the Class Notice, exclude themselves from the Settlement Class from commencing or prosecuting any action, suit, claim or demand against any of the parties released by virtue of the Settlement Agreement arising out of or relating to the Released Claims set forth in the Settlement Agreement.

20.    The operative complaint and all claims asserted against Defendants Baker, Columbia, Jackson, and Marion Counties therein in this litigation are hereby dismissed with prejudice and without costs to any of the Parties other than as provided for in the Settlement Agreement.

21.    Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction over the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement Agreement; the motion for an award for attorneys' fees and costs; and Settlement Class Members for all matters relating to this action.

22.    Judgment is hereby entered pursuant to Federal Rule of Civil Procedure 54(b) dismissing the Action as to Defendants Baker, Columbia, Jackson, and Marion Counties only, there being no just reason to delay entry of such judgment.

23.    A separate order shall be entered regarding the motion of Class Counsel for attorneys' fees. Such order shall in no way affect or delay the finality of this Order and shall not affect or delay the effective date of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated:

_____
HONORABLE KARIN J. IMMERGUT
United States District Judge

8