# Ex. 3

| | |
|---|---|
| MATTHEW GABBERT, et al., | Case No. 1:23-cv-01434-IM |
| Plaintiffs, | |
| v. | |
| JOSEPHINE COUNTY, et al., | |
| Defendants. | |
| | |
| JERRY BAKER, | Case No. 2:24-cv-01503-IM |
| Plaintiff, | |
| v. | |
| BAKER COUNTY, | |
| Defendant. | |

## DECLARATION OF AKEEB DAMI ANIMASHAUN IN SUPPORT OF MOTION FOR FINAL APPROVAL OF SETTLEMENT AND MOTION FOR ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS FOR CLASS REPRESENTATIVES

Pursuant to 28 USC § 1746, I, Akeeb Dami Animashaun, hereby declare and state under penalty of perjury as follows:

1. I submit this declaration in support of Plaintiffs' Motion for Final Approval of Proposed Class Action Settlement with Defendants Baker, Columbia, Jackson, and Marion Counties, and Plaintiffs' concurrently filed Motion for Attorneys' Fees, Cost Reimbursements, and Service Awards in relation to that settlement.

2. Along with Michael Zhang, Jacob Loup, and Shakeer Rahman, I represent the plaintiffs in the above-captioned matters. Collectively, we are

proposed Class Counsel in this settlement. Each of us has considerable experience litigating and settling class action lawsuits or civil rights lawsuits or both.

3.     I have served, or am serving, as lead or class counsel in the following class action lawsuits: *Tucker v. King Cnty.*, 2:24-cv-00002-RAJ (W.D. Wash. 2024) (challenging a pattern and practice of failing to timely release detainees after the legally-mandated time to conduct probable-cause hearings has expired and resulting in a class-wide settlement; appointed class counsel); *Hughes v. Smith Cnty.*, 6:23-cv-00344-JDK (E.D. Tex. 2023) (challenging a pattern and practice of failing to timely complete administrative steps attendant to release after detainees are sentenced to time served and resulting in a class-wide settlement; appointed class counsel); *Dunn v. Cuyahoga Cnty.*, 1:23-cv-00364-BMB (N.D. Ohio 2023) (challenging systemic failure to timely release pretrial detainees; class certified; appointed class counsel); *Camarlinghi v. Santa Clara Cnty.*, No. 5:21-cv-03020-EJD, 2022 WL 17740464 (N.D. Cal.  2022) (challenging a pattern and practice of overdetentions at the Santa Clara County Jail and resulting in a class-wide settlement; appointed class counsel); *Akili v. City of Los Angeles*, No. 22STCV00934 (L.A. Super. Ct. 2022) (challenging police use of force and suppression of speech during protests; class certified; appointed class counsel); *Briggs v. Montgomery*, 2:18-cv-02684 (D. Ariz. 2018) (challenging Maricopa County's "pay-to-play" pretrial diversion program and resulting in a class-wide settlement).

4.     My co-counsel similarly possess substantial experience litigating civil rights and other complex cases in federal court.

1

**Jacob Loup** graduated from Harvard Law School in 2016. After graduation, he clerked for the Honorable Amalya L. Kearse on the United States Court of Appeals for the Second Circuit. From 2017 to 2025, Mr. Loup worked as an attorney at the Law Offices of Joel B. Rudin, P.C., a leading civil rights and criminal defense law firm in New York City. While there, he was the principal associate on numerous civil rights lawsuits in state and federal court that resulted in seven- and eight-figure settlements. *See, e.g.*, *Estate of Jaythan Kendrick v. City of New York et al.*, No. 23-cv-358 (E.D.N.Y. 2023) ($15,000,000); *Negron v. City of New York et al.*, No. 18-cv-6645 (E.D.N.Y. 2018) ($6,250,000); *Washington v. City of New York* (2018 pre-filing settlement) ($5,750,000); *Hughes et al. v. State of New York*, Claim No. 135762 (N.Y. Ct. Cl. 2020) ($4,000,000); *Perkins v. State of New York*, Claim No. 139637 (N.Y. Ct. Cl. 2023) ($3,990,000); *Babb v. City of New York et al.*, 21-cv-8655 (S.D.N.Y. 2021) ($3,950,000); *Perry v. City of New York et al.* (2019 pre-filing settlement) ($2,500,000); *Washington v. State of New York*, Claim No. 130708 (N.Y. Ct. Cl. 2017) ($1,650,000); *Perry v. State of New York*, Claim No. 132059 (N.Y. Ct. Cl. 2018) ($1,500,000). Mr. Loup started his own law firm in Los Angeles in 2025 but remains Of Counsel to the Law Offices of Joel B. Rudin. Mr. Loup has been recognized as a New York City Super Lawyers "Rising Star" in the field of Civil Rights every year since 2022, a recognition awarded to the top 2.5% of local attorneys in a given field.

**Shakeer Rahman** graduated from Harvard Law School in 2015. Before starting his own law firm in 2021, Mr. Rahman worked as law clerk to Justice Mariano-Florentino Cuéllar on the California Supreme Court and to Judge Beverly Martin on the U.S. Court of Appeals for the Eleventh Circuit and then as an Impact Litigation Attorney at The Bronx Defenders and as a Senior Staff Attorney at The Bail Project. Since 2023, Mr. Rahman has taught at UCLA School of Law as a Lecturer in Law. Mr. Rahman was recognized this year by Super Lawyers magazine as a "Rising Star" in the field of Civil Rights.

Mr. Rahman currently serves as counsel in the following class action cases: *Tucker v. King Cnty.*, 2:24-cv-00002-RAJ (W.D. Wash. 2024) (challenging a pattern and practice of failing to timely release detainees after the legally-mandated time to conduct probable-cause hearings has expired and resulting in a class-wide settlement; appointed class counsel); *Akili v. City of Los Angeles*, No. 22STCV00934 (L.A. Super. Ct. 2022) (challenging police use of force and suppression of speech during protests; class certified; appointed class counsel); *Black Lives Matter Los Angeles v. City of Los Angeles*, No. 2:20-cv-05027 (C.D. Cal. 2020) (challenging excessive force and unlawful arrests during racial justice protests). He previously served as counsel for certified classes in *Ligon v. City of New York*, 12-cv-2274 (S.D.N.Y. 2012) (challenging stop-and-frisk policing tactics in private apartment buildings); *Trowbridge v. Cuomo*, 16-cv-3455 (S.D.N.Y. 2016) (challenging systemic delays in misdemeanor trials); and *R.C. v. City of New York*, No. 153739/2018 (N.Y. Sup. Ct. 2018) (challenging use of sealed arrest records in data-driven policing

programs), as well as counsel for a putative class in *P.L. v. U.S. Immigration and Customs Enforcement*, No. 19-cv-1336 (S.D.N.Y. 2019) (challenging ICE's refusal to bring detained immigrants to in-person court hearings).

**Michael Zhang** graduated from Harvard Law School in 2018. Before starting his own firm in 2019, he worked as an attorney at the Metropolitan Public Defender of Portland, Oregon. His current practice consists of personal injury, corporate transactions, criminal record expungement, and developing legal technologies—including RecordSponge, which won the 2020 Oregon State Bar Technology & Innovation Award.

5.    Since the inception of this litigation, Class Counsel have devoted substantial time to investigating Plaintiffs' and Class Members' claims, developing the factual record, and litigating this matter through dispositive motion practice, discovery, settlement, and class administration.

6.    Prior to and after the filing of the initial complaint, Class Counsel requested and reviewed county foreclosure records, analyzed property and sales auction data, researched legal issues concerning constitutional takings claims and possible defenses, and identified individuals harmed by the challenged practices who could serve as representative plaintiffs. This work required extensive analysis of county records, foreclosure documents, spreadsheets, and other materials.

7.    Motion practice in this case has been substantial and hard fought. At the outset of the litigation, Class Counsel successfully opposed a motion to dismiss in *Gabbert* that sought dismissal of all claims. In connection with the motion, Class Counsel also responded to a series of supplemental authority filings raising newly decided cases and evolving legal arguments concerning the viability of Plaintiffs' claims. After the Court denied that motion, Class Counsel successfully defended against a second motion to dismiss filed in *Baker*, raising similar arguments.

3

Nearly two years later, Class Counsel successfully opposed a third motion to dismiss that raised entirely new issues and which sought to dispose of the case in whole.

8.    Class Counsel also have briefed and litigated a number of other issues before settlement, including intervention, consolidation on two separate occasions, and discovery issues. Extensive work was required to prevail on these motions, including substantial legal research concerning federal takings law, Oregon's tax-foreclosure statutes, claim accrual, ripeness, supplemental jurisdiction, and other issues central to the litigation. Counsel reviewed and analyzed numerous authorities, drafted and revised briefs, prepared responses to supplemental authority filings, and coordinated strategy with the related actions.

9.    During discovery, the defendants—including Baker, Columbia, Jackson, and Marion Counties (collectively, the "Defendants")—disclosed, and Class Counsel reviewed, numerous spreadsheets and thousands of pages of underlying records. For most or all of the properties in the proposed class, these disclosures documented, inter alia, property valuations; assessed taxes and fees; foreclosure proceedings and title transfers; sales prices; and costs that Defendants paid to maintain the properties after taking title. Defendants also disclosed many pages of internal county communications relevant to specific properties and the counties' general policies and practices with respect to tax foreclosures.

10.    Toward the end of 2025, Class Counsel began to discuss possible settlement with the *Gabbert/Baker* defendants, addressing issues related to a

4

potential settlement amount, class period, claims and distribution procedures, and other matters. By December, these discussions had advanced sufficiently that the parties agreed to ask Magistrate Judge John V. Acosta to conduct a settlement conference. Judge Acosta generously agreed. Before the conference, we submitted to Judge Acosta a detailed *ex parte* letter setting forth our settlement position. On February 23, 2026, the parties participated in a daylong conference before Judge Acosta. The parties made substantial progress but were unable to reach a final resolution.

11.     In the following seven weeks, Class Counsel worked diligently with counsel for Defendants to resolve the remaining obstacles to reaching a fair, reasonable, and adequate settlement for Plaintiffs and the putative class members. Initially, the parties communicated indirectly through numerous emails and telephone calls with Judge Acosta, who continued to act as an intermediary. As the parties came closer to an agreement, counsel communicated directly through numerous email exchanges and phone and video calls.

12.     Finally, on April 14, 2026, counsel for Plaintiffs and Defendants executed the Settlement Agreement that is the subject of the present final approval motion.

13.     The above negotiations resulting in the Settlement Agreement were extensive, serious, informed, arm's-length, and non-collusive.

14.     As of the date of the filing of this declaration, Class Counsel have devoted over 1,340 hours to this case, resulting in a lodestar of **$983,875.00**. Based

on Class Counsel's prior experience administering class-action settlements, counsel expect to devote dozens of additional hours—at minimum—to this case through the completion of settlement administration. Additionally, Class Counsel have incurred **$12,146.28** in costs during litigation against the settling parties, including expenses related to filing fees, pro hac vice applications, process servers, and software depositions, mediation, filing fees, travel, and pro hac vice applications. Plaintiffs' counsel total invoice to date is thus **$996,021.28**.

| Attorney/Staff | Hours | Rate | Total |
|---|---|---|---|
| A. Dami Animashaun (attorney) | 555 | $850.00 | **$471,750.00** |
| Jacob Loup (attorney) | 230 | $850.00 | **$195,500.00** |
| Shakeer Rahman (attorney) | 173 | $950.00 | **$164,350.00** |
| Michael Zhang (attorney) | 202 | $550.00 | **$111,100.00** |
| Bianca Mahmood (paralegal) | 183 | $225.00 | **$41,175.00** |
| **Total** | | | **$983,875.00** |

15.    The rates charged by our attorneys and legal staff are reasonable and within the range of appropriate market rates charged by attorneys with comparable experience litigating similar matters.[1] Courts have recently approved rates at or

---

[1] Out-of-district counsel have used their local billing rates in calculating the lodestar. The Ninth Circuit has recognized that "rates, other than those of the forum, may be employed if local counsel was unavailable, either because they are unwilling or unable to perform due to a lack of the degree of experience, expertise, or specialization required to handle the case properly." *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). Here, the experience and expertise of out-of-district counsel were necessary to investigate and litigate these matters effectively, and thus the use of their local rates is appropriate.

above those requested here in contested fee proceedings. For example, a court recently found my hourly rate of $850.00 to be reasonable and commensurate with the rates charged by attorneys possessing similar skill, experience, and expertise. *See Akili v. City of Los Angeles*, No. 22STCV00934 (L.A. Super. Ct. Mar. 23, 2026). Mr. Loup graduated from law school the same year as I and possesses comparable, if not greater, skill and experience and thus a comparable rate is reasonable. Likewise, in 2024, a court awarded Mr. Rahman $960.00 an hour after contested fee proceedings. *See 920 Everett Street, LLC. v. Khinn Muy Ung.*, No. 24STCV01838 (L.A. Super. Ct. Sept. 17, 2024). Mr. Zhang's requested rate, as well as the requested paralegal rates, are also reasonable and consistent with rates charged by attorneys and legal support staff of comparable experience in this District.

Dated: August 3, 2026

/s/ A. Dami Animashaun

7