Michael Zhang (OSB No. 185180)
Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd., Suite S
Portland, Oregon 97211
michael@qiu-qiulaw.com
908-938-6683

Attorney for *Gabbert* and *Baker* Plaintiffs
Additional attorneys listed on next page

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION**

| | |
|---|---|
| MARTIN LYNCH, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MULTNOMAH COUNTY, et al.,<br><br>    Defendants. | Case No. 3:23-cv-01502-IM (lead case)<br><br>**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, COST REIMBURSEMENTS, AND SERVICE AWARDS TO CLASS REPRESENTATIVES IN RELATION TO PROPOSED CLASS ACTION SETTLEMENT WITH DEFENDANTS BAKER, COLUMBIA, JACKSON, AND MARION COUNTIES**<br><br>Oral Argument Requested |
| JEFFREY SAWYER, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>MARION COUNTY, et al.,<br><br>    Defendants. | Case No. 3:23-cv-01971-IM |

ii

MATTHEW GABBERT, et al.,

Plaintiffs,

v.

JOSEPHINE COUNTY, et al.,

Defendants.

Case No. 1:23-cv-01434-IM

JERRY BAKER,

Plaintiff,

v.

BAKER COUNTY,

Defendant.

Case No. 2:24-cv-01503-IM

Akeeb Dami Animashaun
355 S. Grand Ave., Suite 2450
Los Angeles, California 90071
dami@animashaun.me
929-266-3971

Jacob Loup
Law Office of Jacob Loup
400 Corporate Pointe, Suite 300
Culver City, California 90230
jl@louplaw.com
347-391-5009

Shakeer Rahman
Law Office of Shakeer Rahman
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
shakeer@loosr.net
323-546-9236

Plaintiffs' Motion for Attorneys' Fees, Cost Reimbursements, and Service Awards

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................iv

LOCAL RULE 7-1 CERTIFICATION.......................................................................... 1

MOTION ..................................................................................................................... 1

MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES,
COST REIMBURSEMENTS, AND SERVICE AWARDS TO CLASS
REPRESENTATIVES ................................................................................................. 2

INTRODUCTION ....................................................................................................... 2

ARGUMENT ............................................................................................................... 4

      A.    An award of attorneys' fees equal to 25% of the Settlement Fund
            is reasonable. ............................................................................................ 4

            1.    Legal principles governing awards of attorneys' fees. ................. 4

            2.    A benchmark award of 25% of the Settlement Fund is well
                 within reason in this case............................................................. 7

            3.    The lodestar cross-check confirms that the requested fee
                 is reasonable. .............................................................................. 11

      B.    Class Counsel is entitled to reimbursement for their modest
            expenses. ................................................................................................. 13

      C.    The Court should approve service awards of $10,000 to each of
            the Class Representatives................................................................... 13

CONCLUSION................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Aguilar Auto Repair, Inc. v. Wells Fargo Bank, N.A.*,
No. 23-CV-06265-LJC, 2025 WL 1753509 (N.D. Cal. May 23, 2025) ................... 12

*Barbosa v. Cargill Meat Sols. Corp.*,
297 F.R.D. 431 (E.D. Cal. 2013) ........................................................................ 9, 11

*Bellinghausen v. Tractor Supply Co.*,
306 F.R.D. 245 (N.D. Cal. 2015) ................................................................. 9, 11, 13

*Boeing Co. v. Van Gemert*,
444 U.S. 472 (1980) ................................................................................................ 5

*Carlin v. DairyAmerica, Inc.*,
380 F. Supp. 3d 998 (E.D. Cal. 2019) ......................................................... 5–8, 11

*Chehalem Physical Therapy v. Coventry Health Care, Inc.*,
No. 03:09-CV-00320-HU, 2014 WL 4373150 (D. Or. Sept. 3, 2014) ................... 15

*Ciuffitelli v. Deloitte & Touche LLP*,
No. 3:16-CV-00580-AC, 2019 WL 6893018 (D. Or. Nov. 26, 2019) ...................... 14

*Gates v. Deukmejian*,
987 F.2d 1392 (9th Cir. 1992) .............................................................................. 13

*Granados v. OnPoint Cmty. Credit Union*,
No. 3:21-CV-847-SI, 2025 WL 1640204 (D. Or. June 10, 2025) ................... 13, 14

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ............................................................................................... 7

*Herrera v. Cnty. of Los Angeles*,
No. CV 22-1013-HDV-PDX, 2026 WL 507909 (C.D. Cal. Feb. 23, 2026) ....... 11, 12

*Hetherington v. Omaha Steaks, Inc.*,
No. 3:13-CV-02152-SI, 2016 WL 4374947 (D. Or. Aug. 12, 2016) ...................... 14

*Hopkins v. Stryker Sales Corp.*,
No. 11-CV-02786-LHK, 2013 WL 496358 (N.D. Cal. Feb. 6, 2013) ..................... 11

*In re Anthem, Inc. Data Breach Litig.*,
No. 15-MD-02617-LHK, 2018 WL 3960068 (N.D. Cal. Aug. 17, 2018) ............... 11

Plaintiffs' Motion for Attorneys' Fees, Cost Reimbursements, and Service Awards

*In re Bluetooth Headset Prods. Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) ..................................................................... 5, 6

*In re California Pizza Kitchen Data Breach Litig.*,
    129 F.4th 667 (9th Cir. 2025)................................................................... 4, 6

*In re HP Inkjet Printer Litig.*,
    716 F.3d 1173 (9th Cir. 2013) ...................................................................... 7

*In re HPL Tech., Inc. Sec. Litig.*,
    366 F. Supp. 2d 912 (N.D. Cal. 2005) ...................................................... 11

*In re Hyundai & Kia Fuel Econ. Litig.*,
    926 F.3d 539 (9th Cir. 2019) (en banc) ..................................................... 5

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ..................................... 5, 6, 9, 11

*In re WPPSS Sec. Litig.*,
    19 F.3d 1291 (9th Cir. 1994) ....................................................................... 9

*Lowery v. Rhapsody Int'l, Inc.*,
    75 F.4th 985 (9th Cir. 2023)........................................................................ 4

*Ludlow v. Flowers Foods, Inc.*,
    No. 3:18-CV-01190, 2024 WL 1162049 (S.D. Cal. Mar. 18, 2024) ......... 6

*Lynch v. Multnomah Cnty.*,
    No. 1:23-CV-01434-IM, 2024 WL 5238284 (D. Or. Dec. 27, 2024) ......... 8

*Magallon v. Robert Half Int'l Inc.*,
    No. 6:13-CV-1478-SI, 2025 WL 1324248 (D. Or. May 7, 2025) .............. 9

*Oliveira v. Language Line Servs., Inc.*,
    767 F. Supp. 3d 984 (N.D. Cal. 2025) ........................................................ 8

*Ontiveros v. Zamora*,
    303 F.R.D. 356 (E.D. Cal. 2014)............................................................... 13

*Ott v. Mortg. Invs. Corp. of Ohio, Inc.*,
    No. 3:14-CV-00645-ST, 2016 WL 54678 (D. Or. Jan. 5, 2016)................ 5

*Perkins v. Singh*,
    No. 3:19-cv-01157-AC, 2021 WL 5085119 (D. Or. Nov. 2, 2021) ......... 10

*Radcliffe v. Experian Info. Sols. Inc.*,
    715 F.3d 1157 (9th Cir. 2013) .............................................................. 13, 14

v

*Razilov v. Nationwide Mut. Ins. Co.*,
    No. 01-CV-1466-BR, 2006 WL 3312024 (D. Or. Nov. 13, 2006) ........................... 15

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ................................................................. 13

*Six (6) Mexican Workers v. Arizona Citrus Growers*,
    904 F.2d 1301 (9th Cir. 1990) ................................................................. 6

*Tyler v. Hennepin County*,
    598 U.S. 631 (2023) ........................................................................ 3, 8

*Vasquez v. Coast Valley Roofing, Inc.*,
    266 F.R.D. 482 (E.D. Cal. 2010) .............................................................. 6

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) ......................................................... 6, 7, 12

*W. States Land Reliance Tr. v. Linn Cnty.*,
    343 Or. App. 280, *review allowed*, 374 Or. 437 (2025),
    *and review allowed*, 374 Or. 437 (2025). ................................................... 9

*Wert v. U.S. Bancorp*,
    No. 13-CV-3130-BAS-AGS, 2017 WL 5167397 (S.D. Cal. Nov. 7, 2017) ................ 5

## Rules

Federal Rule of Civil Procedure 23(h) .................................................... 1, 4

Federal Rule of Civil Procedure 54(d)(2) ................................................... 1

## Other Authorities

Conte & Newberg,
    *Newberg on Class Actions* § 14:6 (4th Ed. 2002) ........................................ 6

## LOCAL RULE 7-1 CERTIFICATION

Defendants consent to the filing of this motion and take no position on the amount of attorneys' fees. Defendants do not intend for their consent to be construed as an admission to any fact or argument should this settlement not achieve final approval, or to bind any non-settling party.

## MOTION

In accordance with Federal Rules of Civil Procedure Rule 23(h) and 54(d)(2), the following Plaintiffs in these consolidated actions respectfully move this Court for an award of attorneys' fees and expenses, as well as service awards for the Class Representatives, from the Settlement Fund created in connection with the Settlement Agreement with the following Defendants:

| Case | Settling Plaintiff(s) and Proposed Class Representative(s) | Settling Defendant |
| --- | --- | --- |
| *Baker v. Baker County*, 2:24-cv-01503-IM | Jerry Baker | Baker County |
| *Gabbert, et al. v. Josephine County, et al.*, 1:23-cv-01434-IM | Michael Langshaw, Dallis Bowman, Melody Gibson, and Michelle Wend | Columbia County |
| | Barbara Newkirk and Michael Newkirk | Jackson County |
| | David Arndt | Marion County |

1

In support of this motion, Plaintiffs rely on the below Memorandum in Support.[1]

Specifically, Plaintiffs respectfully request that the Court enter an order, substantially in the form appended herein as Exhibit 1, awarding:

1. attorneys' fees equivalent to 25% of the Settlement Fund—and not less than $1,233,278.25, which is 25% of the *current* Settlement Fund of $4,933,112.99, a figure that remains subject to increase pursuant to the terms of the Settlement Agreement;

2. reimbursement for Class Counsel for out-of-pocket expenses totaling $12,146.28; and

3. service awards of $10,000 for each of the above-named Class Representatives.

Plaintiffs respectfully request that the Court hold oral argument on the motion so that Class Counsel may answer any questions the Court may have regarding the proposed awards.

### MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COST REIMBURSEMENTS, AND SERVICE AWARDS TO CLASS REPRESENTATIVES

### INTRODUCTION

Plaintiffs in these consolidated actions sought damages on behalf of themselves and putative class members whose real property Defendants took through tax-foreclosure proceedings, where Defendants failed to return either sales

---

[1] Although not all parties to the *Gabbert* action are part of the present settlement, the settling parties are referred to in this memorandum simply as "Plaintiffs" and "Defendants" for ease of reading.

Capitalized terms are intended to have the definitions ascribed to them in Paragraph 1 of the Settlement Agreement. *See Lynch* ECF 213-1 ¶ 1.

proceeds that exceeded the tax debt or, for unsold properties, surplus real market value that exceeded the tax debt. Plaintiffs alleged that Defendants thereby violated class members' federal and state constitutional rights, including their Fifth Amendment rights under *Tyler v. Hennepin County*, 598 U.S. 631 (2023).

As a result of Class Counsel's efforts over three years—which has involved extensive pre-filing investigation, responses to two motions to dismiss, and substantial discovery—Plaintiffs have achieved an exceptional settlement for Class Members, which is the most important factor in determining the reasonableness of a class-action fee award. For more detailed discussion of the background of this case and the Settlement Agreement, Plaintiffs respectfully direct the Court to Plaintiffs' concurrently filed Motion for Final Approval of Proposed Class Action Settlement with Defendants Baker, Columbia, Jackson, and Marion Counties. In essence, however, the Settlement Agreement provides that Defendants will collectively pay into a Settlement Fund representing *100%* of the Surplus Proceeds that Defendants obtained, or may still obtain, from selling Class Members' real property, *plus interest*. Depending on the total amount of approved claims, each Class Member who submits a valid and timely claim may receive up to the full amount of the Surplus Proceeds and interest applicable to their taken property.

The Settlement Agreement provides additional consideration for Class Members whose properties Defendants took but have not yet sold. If Defendants sell any such properties before the Claims Period ends, the Surplus Proceeds will be added to the Settlement Fund. For properties Defendants do not sell by then, they

Plaintiffs' Motion for Attorneys' Fees, Cost Reimbursements, and Service Awards

must pay Class Members any Surplus Proceeds from later sales. For properties assessed at less than $15,000 in value, Defendants may add such value to the Settlement Fund in lieu of selling them. For a small number of very low-value properties in Columbia County that are unlikely to sell, Class Members will be entitled to a pro-rata share of $3,000. The Settlement Fund currently contains $4,933,112.99.

As shown below, the requested fee award falls well within the range of reasonable awards in a class action like this one. Class Counsel has delivered an excellent result for the Class; the requested award is equal to 25% of the common fund, which is the benchmark for class-action fee awards in this circuit; and experienced Class Counsel have expended substantial time, effort, and expense on behalf of the Class, while assuming considerable risk in pursuing this novel case on a contingent basis. The requested service awards for the Class Representatives are also reasonable.

## ARGUMENT

**A.    An award of attorneys' fees equal to 25% of the Settlement Fund is reasonable.**

### 1.    Legal principles governing awards of attorneys' fees

A fee award must be "reasonable." *In re California Pizza Kitchen Data Breach Litig.*, 129 F.4th 667, 679 (9th Cir. 2025) (quoting Fed. R. Civ. P. 23(h)). "The 'touchstone' for that analysis is 'the benefit to the class'—class counsel can only reap rewards if they have delivered results for class members." *Id.* (quoting *Lowery v. Rhapsody Int'l, Inc.*, 75 F.4th 985, 988 (9th Cir. 2023)).

Plaintiffs' Motion for Attorneys' Fees, Cost Reimbursements, and Service Awards

"This circuit has signed off on two methods for determining reasonable attorneys' fees in class actions: the 'lodestar' method and the 'percentage-of-recovery' method." *Id.* (quoting *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 570 (9th Cir. 2019) (en banc)). While district courts "have discretion to employ either" approach, the Ninth Circuit has explained that the lodestar method is appropriate "where the relief sought—and obtained—is often primarily injunctive in nature and thus not easily monetized," while the percentage-of-recovery method may be preferable in "common-fund settlements," where "the benefit to the class is easily quantified" and the court need not embark on "time-consuming task of calculating the lodestar." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941–42 (9th Cir. 2011); *see Wert v. U.S. Bancorp*, No. 13-CV-3130-BAS-AGS, 2017 WL 5167397, at *6 (S.D. Cal. Nov. 7, 2017) (noting that "in cases with a common fund, the 'percentage of recovery method' appears to be dominant" (quoting *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1046 (N.D. Cal. 2008))); *Ott v. Mortg. Invs. Corp. of Ohio, Inc.*, No. 3:14-CV-00645-ST, 2016 WL 54678, at *2 (D. Or. Jan. 5, 2016) ("Courts often prefer a percentage-of-the-fund model over a lodestar-multiplier approach in common fund cases where it is possible to ascertain the value of the settlement."). Indeed, the Supreme Court has noted that "[a] lawyer who recovers 'a common fund for the benefit of persons other than himself or his client' is entitled to reasonable attorney fees from the fund as a whole." *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1018 (E.D. Cal. 2019) (quoting *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)).

5

Under the percentage-of-recovery approach, courts "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *Bluetooth*, 654 F.3d at 942 (quoting *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)); *accord California Pizza Kitchen*, 129 F.4th at 679. "[I]n most common fund cases, the award exceeds that benchmark." *Ludlow v. Flowers Foods, Inc.*, No. 3:18-CV-01190, 2024 WL 1162049, at *8 (S.D. Cal. Mar. 18, 2024) (quoting *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010)); *see id.* ("fee awards in class actions average around one third of recovery" (quoting Conte & Newberg, *Newberg on Class Actions* § 14:6, p. 551 (4th Ed. 2002))).

Factors the court may consider when deciding whether to set the fee at the 25% benchmark include "(1) the result obtained; (2) the risk involved in the litigation; (3) the contingent nature of the fee; (4) counsel's efforts, experience, and skill; and (5) awards made in similar cases." *Carlin*, 380 F. Supp. 3d at 1019 (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002)).

"As a final check on the reasonableness of the requested fees, courts often compare the fee counsel seeks as a percentage with what their hourly bills would amount to under the lodestar analysis." *Omnivision Techs.*, 559 F. Supp. 2d at 1048. This is "merely a cross-check on the reasonableness of a percentage figure"; counsel should not "receive a lesser fee for settling a case quickly," "and it is widely recognized that the lodestar method creates incentives for counsel to expend more

Plaintiffs' Motion for Attorneys' Fees, Cost Reimbursements, and Service Awards

hours than may be necessary on litigating a case so as to recover a reasonable fee."

*Vizcaino*, 290 F.3d at 1050 n.5.

## 2.    A benchmark award of 25% of the Settlement Fund is well within reason in this case.

Because this is a common-fund case, the Court should employ the percentage-of-recovery method to award attorneys' fees. The requested fee of 25% of the Settlement Fund, the benchmark for such awards, is reasonable. First, and most importantly, Class Counsel have obtained an exceptional result for the Class. "In evaluating the reasonableness of an attorney fee request, courts have consistently recognized that the 'degree of success obtained' is 'the most critical factor.'" *Carlin*, 380 F. Supp. 3d at 1019 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)); *see In re HP Inkjet Printer Litig.*, 716 F.3d 1173, 1178–79 (9th Cir. 2013) ("The more valuable the class recovery, the greater the fees award." (citing *Hensley*, 461 U.S. at 436)). Here, Class Counsel secured a Settlement Fund that represents *100%* of the surplus sale proceeds that Defendants obtained, or may obtain before the end of the Class Period, from selling Class Members' real property, *plus interest*.

Class Counsel also have "generated benefits beyond the cash settlement fund," which further favors approval of the requested fee. *Vizcaino*, 290 F.3d at 1049. As noted above and memorialized in ¶¶ 4.4–4.5 of the Settlement Agreement, Defendants are required under the agreement to continue to attempt to sell currently unsold properties and to pay any resulting surplus proceeds to the former owners or, for very low-value properties in Columbia County, to pay a pro-rata share of a one-time payment of $3,000 to the former owners.

Courts have frequently awarded fees equaling more than the benchmark 25% where class counsel obtained lesser relief. *See, e.g.*, *Carlin*, 380 F. Supp. 3d at 1019–20 (awarding "higher-than-benchmark" fee where class counsel obtained damages amounting to "48% of what Plaintiffs' reputable experts believe the damages could have been"); *Oliveira v. Language Line Servs., Inc.*, 767 F. Supp. 3d 984, 1005 (N.D. Cal. 2025) (awarding fees equal to 30% of common fund after finding that "the amount offered in settlement—just over 24% of defendants' estimated maximum potential exposure—represents a reasonable compromise between the potential recovery at trial and the risks of continuing to litigate").

In addition to the highly successful result, the risk that Class Counsel took in litigating this novel case, and on a contingent-fee basis, supports the requested fee award. This lawsuit was based on, and filed within months of, the Supreme Court's decision in *Tyler*. There was then no meaningful precedent for such lawsuits in Oregon. Legal questions related to various defenses loomed, including accrual and statute-of-limitations defenses, which this Court found to be novel issue, and which could have been fatal to the claims. *See Lynch v. Multnomah Cnty.*, No. 1:23-CV-01434-IM, 2024 WL 5238284, at *9 (D. Or. Dec. 27, 2024) ("The Supreme Court and Ninth Circuit have not yet decided the point of accrual for the statute of limitations purposes for federal takings and excessive fines claims based on the government's alleged foreclosure and retention of surplus proceeds. The Supreme Court's decision in *Tyler* did not expressly address accrual."). As such, it is conceivable that either the Ninth Circuit or the Oregon Supreme Court will eventually issue an adverse

Plaintiffs' Motion for Attorneys' Fees, Cost Reimbursements, and Service Awards

ruling that would have wiped out a substantial swath of the now-settled claims. Indeed, the Oregon Supreme Court is currently considering some of these questions. *See W. States Land Reliance Tr. v. Linn Cnty.*, 343 Or. App. 280, *review allowed*, 374 Or. 437 (2025), *and review allowed*, 374 Or. 437 (2025).

Moreover, there are "inherent risks and uncertainty" in all litigation, even when one has strong claims. *Magallon v. Robert Half Int'l Inc.*, No. 6:13-CV-1478-SI, 2025 WL 1324248, at *3 (D. Or. May 7, 2025). Here, the settling defendants twice moved to dismiss the complaint entirely, and one of those motions was still pending when the Settlement Agreement was reached. Plaintiffs had no guarantee of defeating those motions. Further, [a]lthough they had survived two motions to dismiss, the Court had not yet certified the class, and Defendants were likely to move for summary judgment" if the case continued. *Omnivision Techs.,* 559 F. Supp. 2d at 1047. A jury trial would then have been in the offing.

Relatedly, "courts tend to find above-market-value fee awards more appropriate in th[e] context [of contingent-fee litigation] given the need to encourage counsel to take on contingency-fee cases for plaintiffs who otherwise could not afford to pay hourly fees." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 261 (N.D. Cal. 2015) (quoting *In re WPPSS Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994)). "[W]hen counsel takes cases on a contingency fee basis, and litigation is protracted, the risk of non-payment after years of litigation justifies a significant fee award." *Id.*; *see also Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 449 (E.D. Cal. 2013). ("[W]here recovery is uncertain, an award of one-third of the common

9

fund as attorneys' fees has been found to be appropriate."). In short, although Class Counsel believed this lawsuit was strong, there was a very real possibility that this case would be significantly pared back or even die on the vine, and Class Counsel would receive much less remuneration, or none, for the substantial time, effort, and expense they put into this case. These factors favor approval of the requested fees.

The skill, experience, and effort that Class Counsel brought to this case also support the requested fee award. As detailed in the Declaration of Akeeb Dami Animashaun, which is an exhibit to the concurrently-filed final approval motion, Class Counsel collectively have decades of experience successfully litigating class actions and § 1983 lawsuits in federal court. The exceptional result in this case speaks to the value and effectiveness here of that accumulated skill and experience.

Finally, the requested fee award is well in line with awards in similar cases. This Court awarded a fee equal to 25% of the common fund in a similar *Tyler* class action, against Clackamas County, that settled before the present settlement was reached. *See Lynch* ECF 175, 207. The Court awarded 22% in an even earlier settlement with Multnomah County, but there, unlike here, the defendant sought a downward departure, and the plaintiff had not faced a motion to dismiss. *Lynch* ECF 162, 178, 180. By contrast, Plaintiffs here faced two motions to dismiss and additional discovery due to the later settlement.

The requested benchmark award of 25% also is well in line with, indeed below, awards in other class-action settlements in this Circuit. *See, e.g., Perkins v. Singh*, No. 3:19-cv-01157-AC, 2021 WL 5085119, at *3 (D. Or. Nov. 2, 2021)

(approving 33% fee in light of "trend in numerous courts to increase the 'benchmark' to approximately thirty percent of a common fund"); *Carlin*, 380 F. Supp. 3d at 1022 (awarding 33% of common fund and citing numerous other cases awarding 33% or more); *Omnivision Techs.*, 559 F. Supp. 2d at 1047 ("[I]n most common fund cases, the award exceeds" the "benchmark of 25% established by the Ninth Circuit.").

### 3.    The lodestar cross-check confirms that the requested fee is reasonable.

"Where, as here, the lodestar is being used as a cross-check, courts may do a rough calculation 'with a less exhaustive cataloging and review of counsel's hours.'" *Carlin*, 380 F. Supp. 3d at 1022 (quoting *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *16 (N.D. Cal. Aug. 17, 2018)). "[T]he court may 'rely on summaries submitted by the attorneys and need not review actual billing records.'" *Id.* (quoting *Bellinghausen*, 306 F.R.D. at 264).

The lodestar calculation is based on "(1) counsel's reasonable hours, (2) counsel's reasonable hourly rate and (3) a multiplier thought to compensate for various factors (including unusual skill or experience of counsel, or the ex ante risk of nonrecovery in the litigation)." *Barbosa*, 297 F.R.D. at 451 (quoting *In re HPL Tech., Inc. Sec. Litig.*, 366 F. Supp. 2d 912, 919 (N.D. Cal. 2005)). A principal "purpose of [a] multiplier is to account for the risk Class Counsel assumes when they take on a contingent-fee case." *Herrera v. Cnty. of Los Angeles*, No. CV 22-1013-HDV-PDX, 2026 WL 507909, at *3 (C.D. Cal. Feb. 23, 2026) (quoting *Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786-LHK, 2013 WL 496358, at *4 (N.D. Cal. Feb. 6, 2013)).

The Ninth Circuit, surveying class-action fee awards, has found that multipliers ranging from "1.0–4.0" are reasonable. *Vizcaino*, 290 F.3d at 1051 & n.6. Numerous courts have awarded even higher multipliers. *See, e.g., Herrera*, 2026 WL 507909, at *3 (collecting cases); *see also, e.g., Aguilar Auto Repair, Inc. v. Wells Fargo Bank, N.A.*, No. 23-CV-06265-LJC, 2025 WL 1753509, at *10 (N.D. Cal. May 23, 2025) (awarding a multiplier of 6.99, because due to "their diligence and experience" counsel secured "a strong settlement with focused efforts at the investigative and early stages of the litigation," and noting that "[r]educing their award because Class counsel settled quickly would punish counsel for a strong and efficient result").

As detailed in the Animashaun Declaration, Class Counsel and staff collectively have expended nearly 1,400 hours on this case to the present, resulting in a lodestar of $983,875.00. The requested award of 25% of the Settlement Fund, currently $1,233,278.25, yields a multiplier of only 1.25. Although some portion of Class Counsel's hours is attributable solely to litigation with non-settling defendants, a substantial majority of these hours were expended in service of the present Settlement. Even if the lodestar were cut by 25%, to $737,906.25, the multiplier would still be just 1.67. Indeed, even if the lodestar were cut by *half*, to $491,937.50, the multiplier would still be 2.51, well within the range of a reasonable percentage-of-fund award.[2]

---

[2] Out-of-district counsel have used their local billing rates in calculating the lodestar. The Ninth Circuit has recognized that "rates, other than those of the forum, may be employed if local counsel was unavailable, either because they are

Plaintiffs' Motion for Attorneys' Fees, Cost Reimbursements, and Service Awards

**B.    Class Counsel is entitled to reimbursement for their modest expenses.**

"There is no doubt that an attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation expenses from that fund." *Bellinghausen*, 306 F.R.D. at 265 (quoting *Ontiveros v. Zamora*, 303 F.R.D. 356, 375 (E.D. Cal. 2014)). Here, as discussed in the Animashaun Declaration, counsel seeks reimbursement for out-of-pocket expenses totaling $12,146.28, related to early-stage investigation, including identifying potential class representatives; filing fees; pro hac vice applications; process servers; and travel.

**C.    The Court should approve service awards of $10,000 to each of the Class Representatives.**

"Incentive awards are payments to class representatives for their service to the class in bringing the lawsuit." *Granados v. OnPoint Cmty. Credit Union*, No. 3:21-CV-847-SI, 2025 WL 1640204, at *9 (D. Or. June 10, 2025) (quoting *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013)). "They are often taken from a common settlement fund." *Id.* While "incentive awards are 'fairly typical in class action cases,'" *id.* (quoting *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th

---

unwilling or unable to perform due to a lack of the degree of experience, expertise, or specialization required to handle the case properly." *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). Here, while the multiple *Tyler*-based cases before this Court involve two highly able local law firms, the majority of the attorney hours expended have been by out-of-district lawyers with considerable class action and civil rights experience, suggesting that local counsel was unable alone to investigate and litigate these matters, making it appropriate to use out-of-district counsels' local rates. As noted above, however, the requested award would still be reasonable if Class Counsel's lodestar were cut in half, indicating that a lodestar calculation based solely on Oregon rates would still result in a reasonable multiplier.

Plaintiffs' Motion for Attorneys' Fees, Cost Reimbursements, and Service Awards

Cir. 2009)), the court still should ensure that such awards "'do not undermine the adequacy of the class representatives'" by, for example, being "contingent on the named representatives approving the class settlement" or being "disproportionately large," *id.* (quoting *Radcliffe*, 715 F.3d at 1163).

Here there is no such danger. The awards are not contingent on the Class Representatives approving the Settlement. Nor are the awards disproportionate in comparison to the excellent recovery obtained for Class Members. Because, as discussed above, the Settlement essentially achieves the same outcome that could have been expected at trial, the requested service awards have not incentivized the Class Representatives to agree to an inadequate settlement.

Awards of $10,000 for each of the eight individual Class Representatives— Jerry Baker, Michael Langshaw, Dallis Bowman, Melody Gibson, Michelle Wend, Barbara Newkirk, Michael Newkirk, David Arndt—therefore are appropriate. This is the same amount that this Court granted as service awards to the class representatives in the Multnomah County and Clackamas County settlements in the parallel *Lynch* case. *Lynch* ECF 180, 207. The amount is also in line with service awards in other class actions in this district. *See, e.g.*, *Ciuffitelli v. Deloitte & Touche LLP*, No. 3:16-CV-00580-AC, 2019 WL 6893018, at *6 (D. Or. Nov. 26, 2019) (awarding "$10,000 to each of the eight individual Class Representatives"), *report and recommendation adopted*, No. 3:16-CV-00580-AC, 2019 WL 6840844 (D. Or. Dec. 16, 2019); *Granados*, 2025 WL 1640204, at *9 ($10,000 service award); *Hetherington v. Omaha Steaks, Inc.*, No. 3:13-CV-02152-SI, 2016 WL 4374947, at *3

(D. Or. Aug. 12, 2016) (same); *Chehalem Physical Therapy v. Coventry Health Care, Inc.*, No. 03:09-CV-00320-HU, 2014 WL 4373150, at *4 (D. Or. Sept. 3, 2014) (same); *Razilov v. Nationwide Mut. Ins. Co.*, No. 01-CV-1466-BR, 2006 WL 3312024, at *4 (D. Or. Nov. 13, 2006) (same).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order in the form submitted herewith awarding (1) attorneys' fees for Class Counsel in the amount of 25% of the gross Settlement Fund, and no less than $1,233,278.25; (2) reimbursement for Class Counsel for out-of-pocket expenses totaling $12,146.28; and (3) service awards of $10,000 for each of the eight Class Representatives.

Dated: August 3, 2026

Respectfully submitted,

/s/ Michael Zhang
Michael Zhang
Qiu-Qiu Law
5020 Martin Luther King Jr. Blvd.,
Suite S
Portland, Oregon 97211
michael@qiu-qiulaw.com
908-938-6683

 /s/ Akeeb Dami Animashaun
Akeeb Dami Animashaun
355 S. Grand Ave., Suite 2450
Los Angeles, California 90071
dami@animashaun.me
929-266-3971

Shakeer Rahman
Law Office of Shakeer Rahman
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
shakeer@loosr.net
323-546-9236

Jacob Loup
Law Office of Jacob Loup
400 Corporate Pointe, Suite 300
Culver City, California 90230
jl@louplaw.com
347-391-5009

*Counsel for Plaintiffs and the Class*