# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| MARTIN LYNCH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MULTNOMAH COUNTY, et al.,<br><br>Defendants. | Case No. 3:23-cv-01502 |

**SETTLEMENT AGREEMENT BETWEEN**
**PLAINTIFFS AND DEFENDANT LANE COUNTY, OREGON**

This Settlement Agreement is made and entered into as of July 14, 2026 by and between Plaintiff Martin Lynch, as Personal Representative of the Estate of Lynn Arden Graham-Lynch, individually and on behalf of a class of all others similarly situated as defined below (the "Plaintiff"), and Lane County, a political subdivision of the State of Oregon (the "Defendant," "County" or "Lane"), (collectively the "Parties"). The Parties, by their undersigned counsel, and subject to the approval of the Court pursuant to Fed. R. Civ. P. 23, hereby stipulate and agree as follows:

WHEREAS, on October 12, 2023, this class action was initiated against certain named defendants, and a putative defendant class consisting of all Oregon counties. Plaintiff filed the Corrected First Amended Consolidated Class Action Complaint on January 31, 2025; and,

WHEREAS, Plaintiff alleges that Defendants violated his civil rights contrary to the Oregon Constitution by failing to give Plaintiff the proceeds from the sale of the tax-foreclosed

property formerly owned by Plaintiffs that exceeded the unpaid taxes, fees, and other costs associated with that property ("Surplus Proceeds Claims"); and,

WHEREAS, the Parties to this Settlement Agreement are aware of the various risks, uncertainties, burdens and expenses associated with continued litigation; and,

WHEREAS, the Parties have engaged in arm's-length settlement negotiations and reached agreement to fully settle and resolve this Action on the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed that the Action be settled, compromised and dismissed with prejudice as to Defendant Lane County on the following terms and conditions:

**A. <u>Definitions.</u>**

1. Unless otherwise defined throughout the document, capitalized terms shall have the meanings provided below:

a. "Action" means the proposed class action captioned Martin Lynch, as Personal Representative of the Estate of Lynn Arden Graham-Lynch, et al. v. Multnomah County, et al., U.S. District Court for the District of Oregon, Case No. 3:23-cv-01502, and any actions consolidated with the *Lynch* action.

b. "Administration Costs" refer to the costs of the Claims Administrator, the costs associated with dissemination of the Class Notice, and the costs of administering the claims of Class Members.

c. “Amended Complaint” refers to the Corrected First Amended Consolidated Class Action Complaint filed January 31, 2025 in the Action, and which asserts claims related to the sale of tax-foreclosed properties by Lane County.

d. “Authorized Claimant” means any Class Member who has submitted a timely and valid Claim to the Claims Administrator and whose claim for recovery has been approved for payment from the Settlement Fund.

e. “Claim” means a completed and executed Claim Form that has been timely submitted to the Claims Administrator in accordance with this Settlement Agreement and any requirements established by the Court.

f. “Claims Administrator” means the entity to be selected by the Parties and approved by the Court to administer the Class Notice and claims process.

g. “Claims Period” means the period from the first notification of members of the Class of the process for submission of Claims until six months after the entry of the Order granting preliminary approval of this Settlement, including any extensions pursuant to Paragraph 29.

h. “Class” refers to all persons who are included in the Settlement Class as described in Paragraph 2 and who are not excluded under Paragraph 4.

i. “Class Member” means a person who is included in the Class.

j. “Class Notice” refers to the written documents informing Settlement Class Members of their rights, opportunities, and obligations under this Settlement as discussed in Paragraphs 22 to 27, and attached hereto as Exhibits B and C.

k. “Class Period” refers to the time period of October 12, 2017 through December 30, 2025.

l. “Class Representative” means Plaintiff Martin Lynch, as Personal Representative of the Estate of Lynn Arden Graham-Lynch.

m. “County” refers to Lane County and includes the “County-Related Persons,” which shall mean Lane County’s predecessors, successors, assigns, and subsidiaries, as well as former and current affiliates, administrators, employees, elected officials (including, but not limited to, county treasurers), insurers, members, officers, directors, managers, employees, agents, servants, contractors, representatives, attorneys, associates, trustees, and volunteers.

n. “Court” means the United States District Court for the District of Oregon.

o. “Defendant” or “Lane” refers to Lane County.

p. “Effective Date” is the date upon which the final approval by the Court of this Settlement Agreement pursuant to Fed. R. Civ. P. 23 becomes final and unappealable.

q. “Eligible Claimant” means a person who holds an Eligible Claim.

r. “Eligible Claims” means a claim submitted by a Potential Claimant to the Claims Administrator during the Claims Period that the Claims Administrator has approved as valid pursuant to the terms of the Settlement and any order of the Court.

s. “Eligible Property” means a parcel of real property foreclosed by Lane County for the non-payment of real-property taxes and any associated fees, which was sold for an amount in excess of the unpaid taxes, fees and other costs associated with that property, and for which the statutory redemption period expired during the Class Period.

t. “Lead Counsel” means the law firms of Fink Bressack; Kohn, Swift & Graf, P.C., and Preti Flaherty Beliveau & Pachios LLP.

u. “Liaison Counsel” means the law firm of Sugerman Dahab.

v. "Parties" refers collectively to the Plaintiff and Settling Defendant Lane County.

w. "Plaintiff" refers to Plaintiff Martin Lynch, as Personal Representative of the Estate of Lynn Arden Graham-Lynch, individually and a class of all others similarly situated.

x. "Potential Claimant" means a person who held an interest in an Eligible Property or Potential Eligible Property at the time it was foreclosed by Lane County.

y. "Potential Eligible Property" means a parcel of real property foreclosed by Lane County for the non-payment of real property taxes and any associated fees and for which the statutory redemption period expired during the Class Period, which has not yet been sold by the County, but may be sold by the County for an amount in excess of the unpaid taxes, fees and other costs associated with that property.

z. "Released Claims" means, collectively, any and all claims, demands, rights, liabilities, suits, debts, obligations, and causes of action of every nature and description whatsoever, known or unknown, in law or in equity, based on state or federal law, the United States Constitution, or the Oregon Constitution that the Plaintiff, or any other Class Members asserted or could have asserted in the Action against Lane relating to or arising from any Eligible Property, Potential Eligible Property, or Retained or Donated Property, and the forfeiture, foreclosure, or sale of real property relating to the collection of unpaid property taxes on the Eligible Property, Potential Eligible Property, or Retained or Donated Property.

aa. "Releasees" means Lane County and "County-Related Persons" as defined herein.

bb. "Releasors" means all Members of Settlement Class, their heirs, devisees, personal representatives, executors, successors and assignees.

cc. "Donated Properties" means real property that Lane County transferred to a housing agency, or non-profit housing-related organization or otherwise for use as low-income housing for less than its real market value, and for which the statutory redemption period expired during the Class Period.

dd. "Settlement" means this Settlement Agreement and the resolution of the dispute between the Plaintiff and the Class and Lane County.

ee. "Settlement Class" means the class of Persons identified in Paragraph 2.

ff. "Settlement Fund" shall refer to the Settlement Amount as set forth in Paragraphs 11, 12, and 13 below.

gg. "Summary Notice" refers to the abbreviated version of the Notice to be prepared by the Parties' counsel in consultation with the Claims Administrator to be used in print media as discussed in Paragraphs 22 to 27, and attached hereto as Exhibit C.

hh. "Surplus Proceeds" means the difference between an Eligible Property's actual sale price and the total redemption costs, plus the total maintenance and repair costs, plus the administration fee charged by Lane County for each Eligible Property or Potential Eligible Property sold after the date of this Settlement Agreement.

ii. "Surplus Value" as to Donated Properties means the last assessed value determined by Lane County prior to the transfer of the property, minus the outstanding tax debt and any valid charges for each such property, plus interest as calculated by the Parties and included in the Settlement Amount on such sum.

**B. <u>The Settlement Class.</u>**

The Parties agree for settlement purposes only that certification of a class is appropriate in the Action.

2. For purposes of this Settlement only, the Parties agree to the certification of the following Settlement Class, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3):

> All Persons and entities, and their heirs, successors and assignees, who owned, or had an ownership interest in, or a valid lien on real property that Defendant Lane County obtained through a foreclosure action to satisfy unpaid real estate taxes or other County or local government taxes and fees and associated fees and penalties, as set forth in the schedule attached hereto as Exhibit A, which the County (1) sold for an amount in excess of the unpaid taxes, fees and other costs associated with that property, and for which the statutory redemption period expired during the Class Period, (2) still owns as of the execution date of this Settlement Agreement and may sell for an amount in excess of the unpaid taxes, fees and other costs associated with that property, and for which the statutory redemption period expired during the Class Period, or (3) donated without a public auction and transferred to a housing agency, non-profit housing-related organization or otherwise for low income housing and for which the statutory redemption period expired during the Class Period.

3. The Parties agree to the appointment of Plaintiff Martin Lynch, as Personal Representative of the Estate of Lynn Arden Graham-Lynch as the Class Representative for the Settlement Class.

4. The following persons and entities are excluded from the Settlement Class:

a. All governmental units and entities of any type whatsoever including, but not limited to, U.S. Department of Treasury, the Internal Revenue Service, the State of Oregon and Lane County, albeit this provision does not apply to estate administrators who are pursuing claims on behalf of a deceased Eligible Claimant's estate;

b. All former holders of an interest in an Eligible Property or Potential Eligible Property as to which any Eligible Claimant or Potential Claimant has submitted a request to be excluded from the Class under the procedures set forth in the Class Notice that is accepted by the Court and that is not timely revoked;

c. All former holders of an interest in an Eligible Property or Potential Eligible Property by reason of a lien to secure payment of a debt or judgment, which debt or judgment has since been satisfied or released; and

d. All Potential Claimants who have already released their claim for Surplus Proceeds against Lane County through a settlement agreement, release, or final judicial judgment as to which there is no appeal pending and/or the time to appeal has expired.

5. The Parties agree, subject to the approval of the Court, to the appointment of the law firms of Fink Bressack, Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios, LLP, and Sugerman Dahab as Class Counsel for the Settlement Class.

6. The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action and only if the judgment contemplated by this Settlement Agreement becomes final and the Effective Date occurs. Nothing in this Settlement Agreement shall serve in any fashion, either directly or indirectly, as evidence of or support for certification of a class, in this Action or any other action, other than for settlement purposes, and the Parties intend that the provisions herein concerning certification of the Settlement Class shall have no effect whatsoever in the event that the Settlement does not become final. Lane County expressly reserves the right to contest class certification in the event the Settlement is terminated or the Effective Date does not occur for any other reason.

**Approval of this Agreement and Dismissal of Claims Against Lane County.**

7. Plaintiff and Defendant shall use their reasonable best efforts to effectuate this Agreement, including cooperating fully in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and

(e)) to secure the complete, and final approval of this Settlement Agreement and the dismissal with prejudice of the Action as to the Releasees only.

8. Plaintiff shall submit to the Court a motion seeking preliminary approval of this Agreement (the "Preliminary Approval Motion"). The Preliminary Approval Motion shall include the proposed form of an order, attached hereto as Exhibit D: (a) preliminarily approving this Agreement; (b) approving the proposed form of, method for, and proposed dates of dissemination of notice to the Settlement Class, (c) authorizing dissemination of notice of the Settlement Agreement of the final judgment contemplated by this Agreement to all Settlement Class Members; (d) scheduling dates for Settlement Class Members to request exclusion from the Settlement Class or to object to the terms of the Settlement; and (e) scheduling a hearing before the Court to consider the final approval of the Settlement Agreement.

9. In moving for final approval of this Settlement Agreement, the Parties shall seek entry of an order and final judgment in the form attached hereto as Exhibit E. The terms of that proposed order and final judgment will include, at a minimum, the substance of the following provisions: (a) certifying the Settlement Class described in Paragraph 2, pursuant to Rule 23 of the Federal Rules of Civil Procedure, solely for purposes of this Settlement as a settlement class; (b) as to the Action, approving finally this Settlement and its terms as being a fair, reasonable and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms; (c) directing that all Releasors shall, by operation of law, be deemed to have released all Releasees from all claims in the Action; (d) as to Releasees, directing that the Action be dismissed with prejudice and, except as provided for in this Agreement, without costs; (e) reserving exclusive jurisdiction over the Settlement and this Agreement, including the interpretation, administration

and consummation of this settlement; (f) determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal in the Action as to Defendant Lane shall be final; and (g) providing that (i) the Court's certification of the Settlement Class is without prejudice to, or waiver of, the rights of any defendant, including Lane, to contest certification of any other class proposed in this litigation, (ii) the Court's findings in this order shall have no effect on the Court's ruling on any motion to certify any other class related to this litigation or on the Court's rulings concerning any defendant's motion; and (iii) no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any other class.

10. This Agreement shall become effective on the Effective Date, which is when (a) the Court has entered in the Action a final order certifying the Settlement Class described in Paragraph 2 and approving this Agreement under Federal Rule of Civil Procedure 23(e) and has entered a final judgment dismissing the Action with prejudice as to Lane without costs other than those provided for in this Agreement, and (b) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to Lane described in (a) hereof has expired in the Action or, if appealed, approval of this Agreement and the final judgment in the Action as to Lane has been affirmed in its entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review. It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be considered in determining the above-stated times.

**Settlement Amount.**

11. In full and final settlement of the Action, Lane County shall pay the amounts stated in Paragraphs 11, 12, and 13 (the "Settlement Amount") into the Settlement Fund and shall take the actions stated in Paragraph 14.

12. The Settlement Amount shall consist of: (a) $1,348,311.60 to be paid within thirty (30) days of the complete execution date of this Settlement Agreement into an interest-bearing escrow account under the jurisdiction of the Court and administered under the terms set forth in Paragraphs 17 to 21 below; plus (b) any and all Surplus Proceeds of County sales of Potential Eligible Properties as described in Paragraph 13.

13. As additional consideration to the Settlement Class, the County will auction Potential Eligible Properties reasonably, in good faith and in accordance with Oregon law, prior to the expiration of the Claims Period. The County will notify Class Counsel of the results of the auctions within thirty (30) days of the auctions. If those sales generate Surplus Proceeds, the County will promptly pay the Surplus Proceeds into the Settlement Fund.

14. As additional consideration to the Settlement Class, with respect to any Potential Eligible Properties remaining unsold at the expiration of the Claims Period, the County will make such properties available for private arm's length purchase, including potential sale to the former property owner. If the County sells any such property and such sale generates any Surplus Proceeds after the expiration of the Claims Period, the County shall undertake to notify by U.S. Mail and email all Settlement Class Members who owned, or had an ownership interest of record in such property or properties, so that they may seek their share of such Surplus Proceeds in a process reasonably to be determined by the County, and will pay qualifying claimants their share of the Surplus Proceeds under that process. Plaintiff and the Settlement Administrator will

furnish any updated contact information to Defendant for purposes of this notice. The Settlement Administrator is not responsible for providing the notice or handling any claims pursuant to this Paragraph. Plaintiff's counsel shall not seek any attorneys' fees or reimbursement of expenses from any Surplus Proceeds generated pursuant to this Paragraph 14.

15. If this Settlement Agreement does not receive final Court approval, or if the Action is not certified as a class action for settlement purposes, or if the Agreement is rescinded, terminated or otherwise fails to become effective or final, then all amounts paid by the County into the Settlement Fund (other than costs expended or incurred for notice and administration in accordance with Paragraph 16(a) below), shall be returned to the County from the escrow account along with any interest accrued thereon within thirty (30) calendar days of the finality of the Court's denial of final approval of the Settlement Agreement, or the termination or rescission of the Agreement.

**Distributions from the Settlement Fund.**

16. The Settlement Fund shall be distributed as follows:

a. First, in an amount not to exceed $100,000 to pay the cost of Court-approved Notice of the Settlement to the Settlement Class Members including the costs of identifying Settlement Class Members, mailing the Class Notice to Class Members, publication of the Class Notice and the administrative costs associated therewith, and the costs of administering the claims procedures set forth in Paragraphs 22 to 33 below;

b. Second, after the Effective Date, to the attorneys' fees and cost and expense reimbursements of Plaintiff's Counsel, and any service awards to the Class Representatives as approved by the Court pursuant to the procedures set forth in Paragraphs 34 to 36 below;

c. Third, after the Effective Date, to pay Eligible Claims pro rata up to the full amount of the Surplus Proceeds plus accrued interest applicable to the Surplus Proceeds of each Class Member's Eligible Property. If the total amount of the Eligible Claims exceeds the net amount available for distribution in the Settlement Fund, then all Eligible Claims will be reduced pro-rata;

d. Fourth, after the Effective Date, to reimburse Lane County for payment of Surplus Proceeds to any Potential Claimant who submitted a valid and timely request to be excluded (opt out) from the Class under the procedures set forth in the Class Notice, and to whom Lane County paid Surplus Proceeds independent of this Class Settlement during the period between the submission of a valid request for exclusion from the Class and the expiration of the period to submit timely claims under the Settlement Agreement. Defendant shall submit proof of any payments of Surplus Proceeds under the terms of this subparagraph to the Claims Administrator and to Class Counsel no later than ten (10) days after the conclusion of the time period for submission of Claims.

e. Fifth, after the Effective Date and after all payments required in subparagraphs (a) to (d) above have been made, any remaining amounts in the Settlement Fund shall be distributed to the Lane County Legal Aid Office of Oregon Law Center to fund housing-related legal services, or such other programs as the parties agree and the Court approves in accordance with Oregon law.

**<u>Administration of the Settlement Fund Escrow Account.</u>**

17. The escrow account shall be maintained at Huntington National Bank.

18. All payments into the escrow account shall, at the direction of Settlement Class Counsel, be invested in instruments or accounts backed by the full faith and credit of the United

States Government or fully insured by the United States Government or an agency thereof, including U.S. Treasury Bills, U.S. Treasury Money Market Funds or a bank account insured by the Federal Deposit Insurance Corporation ("FDIC") up to the guaranteed FDIC limit. Any interest earned on any of the foregoing shall become part of the Settlement Fund. Defendant shall have no responsibility for, or liability in connection with, the Settlement Fund or escrow account, including without limitation, the investment, administration, maintenance, or distribution thereof.

19. The Settlement Fund held in the escrow account shall be deemed and considered to be in custodia legis of the Court and shall remain subject to the jurisdiction of the Court, until such time as the Settlement Fund shall be fully distributed pursuant to this Agreement or further order(s) of the Court.

20. Subject to the limitation set forth in Paragraph 16(a) and upon agreement of the Parties, reasonable disbursements for expenses associated with providing Notice of the Settlement to the Settlement Class, expenses for maintaining and administering the Settlement Fund, and taxes and expenses incurred in connection with taxation matters may be paid without approval from the Court and shall not be refundable to Defendant in the event the Settlement Agreement is disapproved, rescinded, or otherwise fails to become effective, to the extent such expenses have actually been expended or incurred. Any refund that becomes owed to Defendant if this Settlement does not become final or is rescinded or otherwise fails to become effective, may be paid out of the escrow account without approval from the Court. No other disbursement from or distribution of the Settlement Fund shall be made without prior approval of the Court.

21. The escrow account is intended by the Parties hereto to be treated as a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1, and to that end the Parties hereto

shall cooperate with each other and shall not take a position in any filing or before any tax authority that is inconsistent with such treatment. A "relation back election" as described in Treas. Reg. § 1.468B-1(j) shall be made so as to enable the escrow account to be treated as a qualified settlement fund from the earliest date possible, and the Parties shall take all actions as may be necessary or appropriate to this end. At the direction of Settlement Class Counsel, taxes or estimated taxes shall be paid from the Settlement Fund on any income earned on the funds in the escrow account, irrespective of whether final approval has occurred. In the event federal or state income tax liability is assessed against and paid by Defendant as a result of any income earned on the funds in the escrow account, Defendant shall be entitled to reimbursement of such payment from the funds in the escrow account after approval of the Court and whether or not final approval has occurred. Defendant will use reasonable efforts to resist any such assessment or payment. The Settlement Fund shall indemnify and hold harmless Defendant from any assessment or payment of any tax liability associated with this settlement, including reasonable attorney fees and costs, provided that Defendant shall bear its own attorneys' fees and costs in connection with the litigation of the Action and the negotiation, notice, approval, and implementation of this Settlement Agreement. Except as set forth in this Paragraph, Defendant and any Releasee, and their respective counsel, shall have no responsibility to make any tax filings related to the Settlement Fund or to pay any taxes or tax expenses with respect thereto, and neither Defendant nor any Releasee nor their respective counsel shall have any liability or responsibility for the taxes or expenses incurred in connection with taxation matters.

**<u>Notice to the Class and Claims Administration.</u>**

22. The Claims Administrator shall, as directed by Class Counsel, provide the Notice to the Class and administer the claims process consistent with any Court orders. The Claims Administrator's actions shall be subject to the jurisdiction of the Court.

23. The Claims Administrator will be responsible for all aspects of claims administration, including without limitation: (a) creating and maintaining a database of names and addresses of Class Members; (b) comparing the database with a national change of address database; (c) printing and mailing notices, each with an assigned unique personal identification number ("PIN"); (d) compiling new address information and re-sending any notices returned as undeliverable and, if appropriate, skip tracing those that are returned as undeliverable and do not contain a forwarding address; (e) establishing and maintaining a website for the purposes of notice and claim administration, including the creation of forms and IVR procedures that will provide for electronic submission of claim forms, and the maintenance of a toll-free telephone number dedicated to the Settlement; (f) providing a blank Claim Form by mail or email to any Class Members who request one; and (g) compiling a list of Class Members who submit properly completed Claim Forms, either by mail or via the website, and verifying the accuracy and completeness of the Claim Forms.

24. Within forty-five (45) days following entry of the Preliminary Approval Order or other date set by the Court, the Claims Administrator shall send written Notice of the Settlement to each Settlement Class Member (in the form attached hereto as Exhibit B hereto) via regular first-class U.S. mail postage pre-paid. The Parties shall provide Settlement Class Members' addresses to the Claims Administrator based on the last-known addresses reflected in the Lane County's records and any updated addresses the Parties' or the Claims Administrator's investigation shall have discovered. Before sending the notices, the Claims Administrator shall

run all addresses provided through the National Change of Address database and if necessary other available databases. The envelopes containing the notices shall include a notation requesting address correction. The Claims Administrator will forward any notice that is returned with a forwarding address to the forwarding address within fourteen (14) days of receiving the returned mail and shall update the Potential Claimant address list with all forwarding addresses. The Claims Administrator will take additional reasonable investigative actions to locate Potential Claimants.

25. If a Settlement Class Member is determined to be deceased, the Claims Administrator shall attempt to locate heirs or successors through all available databases and reasonably diligent search methods, including without limitation obituaries.

26. The Claims Administrator will also provide notice by publication of the Summary Notice (in the form attached hereto as Exhibit C hereto) pursuant to the terms of a publication plan in traditional and social media designed to target Potential Claimants in a cost-effective manner. The Summary Notice will be published by Defendant in any newsletter published during the Claims Period and on its website.

27. The Claims Administrator will establish a website for the Settlement that will at a minimum contain the Class Notices, Claim Forms, Settlement Agreement and relevant pleadings and motions filed in the litigation. The Defendant shall establish links on its website to the settlement website.

28. The Claim Form (in the form attached hereto as Exhibit F), shall be approved by the Court and shall require sufficient information for the Claims Administrator and the Parties to assess whether the person submitting the claim is a Class Member. The Claim Form shall

provide for the release of the Released Claims against Lane County, consistent with the terms of this agreement.

29. Class Members shall have one hundred eighty (180) days from the Court's entry of the Preliminary Approval Order to submit a completed Claim Form to the Claims Administrator. Upon agreement of the parties and approval of the Court, the deadline for submission of a completed Claim Form may be extended. A Claim shall be deemed to be submitted on the earliest of the date that it is received by the Claims Administrator, or the date when it was posted, if received with a postmark indicated on the envelope and if mailed by first-class mail or other delivery service and properly addressed.

30. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery by the Parties and the Claims Administrator under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or this Settlement in connection with the processing of Claims. No discovery shall be allowed in this action by the holders of Eligible Claims as to the validity of other claims to an Eligible Property.

31. The Claims Administrator shall receive Claims and process them in accordance with this Settlement Agreement and any applicable Court order. The Parties shall reasonably cooperate with the Claims Administrator to provide information necessary for the Claims Administrator to validate or reject claims. The Claims Administrator shall undertake reasonable efforts to assess whether each Claim is valid pursuant to the terms of this Settlement Agreement and any applicable Court orders. As to each Claim asserting an unrecorded interest in an Eligible

Property, the person submitting the claim shall be required to submit an affidavit or declaration setting forth all the factual and legal bases for the asserted unrecorded interest. With regard to claims of an interest through adverse possession in an Eligible Property or any Potential Eligible Property that is sold during the Claims Period for a surplus, the affidavit or declaration shall set forth facts to show all of the elements of adverse possession under Oregon law.

32. The Parties and claimants may seek a determination from the Court as to the validity and/or amount of any Eligible Claim decided by the Claims Administrator or from a Special Master appointed by the Court, or other neutral arbiter agreed to by the Parties and the Claimants. The costs of any Special Master shall be paid from the Settlement Fund.

33. The approval and denial of Claims is a matter separate and apart from the Settlement between Lane County and the Plaintiff, and any decision by the Claims Administrator, the Court, a Special Master, or any appellate court concerning the approval or denial of a Claim shall not affect the validity or finality of the Settlement.

**Attorneys' Fees, Cost Reimbursement and Class Representative Service Award.**

34. Plaintiff's Counsel may move the Court for an award of attorneys' fees and cost and expense reimbursements and for a service award to the Class Representatives to be paid solely from the Settlement Fund as set forth in Paragraphs 1(ff), 11, 12 and 13 above. Plaintiff's Counsel's motion shall be filed no later than 45 days prior to the date set forth for the hearing on the final approval of the Settlement Agreement. Plaintiff's Counsel's motion for attorneys' fees will not exceed 25% of the Settlement Fund as set forth in Paragraphs 1(ff), 11, 12 and 13 above.

35. The Notice to the Class will provide Class Members with notice of and the opportunity to object to, the motion for award of attorneys' fees, costs and expenses, and service award.

36. Failure by the Court to either rule on or approve Class Counsel's motion for attorneys' fees or costs and expenses shall not be grounds for any Party to withdraw from the Settlement, shall not delay the Settlement becoming final, and shall not delay the Effective Date of the releases described above. The procedure for and the allowance or disallowance by the Court of the application by Plaintiff's Counsel for attorneys' fees, costs and expenses, or service award for the Class Representatives to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to a request for attorneys' fees and reimbursement of costs and expenses or service awards, or any appeal from any such order, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the Settlement.

**Release, Discharge, and Covenant Not to Sue.**

37. In addition to the effect of any final judgment entered in accordance with this Agreement, this Agreement, upon the Effective Date, and in consideration of payment of the Settlement Amount into the escrow account, and for other valuable consideration, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Settlement Class Member has objected to the Settlement or makes a claim upon or participates in the Settlement, whether directly, representatively, derivatively or in any other capacity) under any federal, state, local, statutory, or common law of any jurisdiction in the United States, that the Plaintiff and Class Members, Releasors, or each of them, ever had, now has, or hereafter can, shall, or may ever have, that now exist or may exist in the future, on account of, or in any way arising out of, any and all known and unknown, foreseen and

unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, or damages, as alleged in the Amended Complaint concerning tax foreclosures of properties by Defendant, the sale of such foreclosed properties, the retention by Defendant of any Surplus Proceeds from the tax foreclosure or sale brought under the U.S. Constitution, 42 U.S.C. § 1983, any other federal law, the Oregon Constitution, and any Oregon statute or common law, and the consequences thereof in any way arising out of or relating in any way to any conduct of Defendant during the period October 12, 2017 through and including the Effective Date.

**Miscellaneous Provisions.**

38. Within ten (10) days of the motion for preliminary approval of this Settlement being filed with the Court, the Defendant shall ensure that notice is given to the Attorney General of the United States, the Oregon Attorney General, and the appropriate state official of each state in which a class member resides, based on the last address known to Defendant. Each such notice shall contain all of the information required under 28 U.S.C. § 1715. All relevant approval and court filing dates will be scheduled to ensure compliance with the Class Action Fairness Act ("CAFA"). Plaintiff will cooperate reasonably with Lane County to ensure compliance so that the release described herein is fully enforceable. At least seven (7) days before the Final Approval Hearing, Defendant's counsel shall file a report with the Court confirming that these notices were timely sent.

39. The Parties agree that if necessary for the efficient administration of the claims process, they may move the Court for the appointment of a Special Master to assist with administering and facilitating the Settlement. Upon approval of the Court, the Special Master will be empowered to facilitate the resolution of claims among Settlement Class members,

including their various interests and entitlement to claims relating to Surplus Proceeds. Costs associated with any Special Master so appointed shall be paid from the Settlement Fund.

40. The Parties intend this Settlement to be a final and complete resolution of all of Plaintiffs' Released Claims against Lane County. Except as otherwise provided in this Settlement, each Party shall bear its own costs.

41. This Settlement, including the exhibits attached to this Settlement, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by or on behalf of all Parties. The waiver by any Party of any breach of this Settlement by any other Party shall not be deemed a waiver of that breach by any other Party, nor shall it be deemed a waiver of any other breach of this Settlement by that Party or any other Party.

42. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Settlement.

43. If other Oregon Counties or the State of Oregon enter into settlements in connection with the Action, the Parties shall reasonably cooperate with one another and other settling parties to facilitate coordination of settlements, settlement administration, notice and other aspects of settlement that may promote judicial economy or reduce overall costs of settlement notice and claims administration.

44. This Settlement and its attached exhibits constitute the entire agreement among the Parties concerning this Settlement. No representations, warranties, or inducements have been made by or to any Party concerning this Settlement and its attached exhibits other than those contained and memorialized in the Settlement and its attached exhibits. This Settlement supersedes any and all earlier statements, representations, promises or other agreements, written or oral, with respect to the subject matter of this Settlement.

45. If any provision of this Settlement is held to be unenforceable for any reason, the unenforceability thereof shall not affect any other provisions of this Settlement.

46. This Settlement may be executed in one or more original or electronic counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Counsel for each Party will maintain their own respective original signature pages. A complete set of executed counterparts shall be filed with the Court.

47. This Settlement shall be governed by the laws of the State of Oregon without regard to conflicts of laws except to the extent that federal law requires that federal law govern.

48. All counsel and any other person executing this Settlement and any exhibits attached to this Settlement warrant and represent that they have the full authority to do so and that they have the authority to take the appropriate action required or permitted to be taken pursuant to the Settlement to effectuate its terms.

49. Within ten (10) days of the filing of the motion for preliminary approval, the Parties will jointly move the Court for an Order preliminarily enjoining all Class Members and all persons with actual notice of the injunctive order from participating as class members in any federal lawsuit, or otherwise filing, intervening in, commencing, prosecuting, continuing and/or litigating any federal lawsuit against Lane which falls within the scope of the release set forth in Paragraph 37. Any order or proceeding relating to the Parties' motion for a preliminary injunction, or any appeal from any such order, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the Settlement.

On the date first above written, the Parties have caused this Settlement to be executed by their duly authorized representatives.

________________________________
Gregory P. Hansel
Shana M. Solomon
Elizabeth F. Quinby
Michael D. Hanify
Amy P. Lyons
PRETI FLAHERTY BELIVEAU
& PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112
Telephone: (207)791-3000
ghansel@preti.com
ssolomon@preti.com
equinby@preti.com
mhanify@preti.com

________________________________
David H. Fink
Nathan J. Fink
FINK BRESSACK
38500 Woodward Avenue, Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

________________________________
Joseph C. Kohn
William E. Hoese
Zahra R. Dean
KOHN SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700
jkohn@kohnswift.com
zdean@kohnswift.com
whoese@kohnswift.com

Digitally signed by
Steve Mokrohisky,
County Administrator
Date: 2026.07.17
09:00:13 -07'00'

________________________________
Steve Mokrohisky
County Administrator
Lane County
125 East 8th Avenue
Eugene, OR 97401
Telephone: 541-682-4203
Email:
steve.mokrohisky@lanecountyor.gov

*For Defendant Lane County*

Gregory P. Hansel
Shana M. Solomon
Elizabeth F. Quinby
Michael D. Hanify
Amy P. Lyons
PRETI FLAHERTY BELIVEAU
& PACHIOS, LLP
One City Center
P.O. Box 9546
Portland, ME 04112
Telephone: (207)791-3000
ghansel@preti.com
ssolomon@preti.com
equinby@preti.com
mhanify@preti.com

David H. Fink
Nathan J. Fink
FINK BRESSACK
38500 Woodward Avenue, Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

Joseph C. Kohn
William E. Hoese
Zahra R. Dean
KOHN SWIFT & GRAF, P.C.
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700
jkohn@kohnswift.com
zdean@kohnswift.com
whoese@kohnswift.com

Steve Mokrohisky
County Administrator
Lane County
125 East 8th Avenue
Eugene, OR 97401
Telephone: 541-682-4203
Email:
steve.mokrohisky@lanecountyor.gov

*For Defendant Lane County*

*Proposed Lead and Class Counsel for Plaintiffs*

David Sugerman
Nadia Dahab
SUGERMAN DAHAB
101 SW Main Street, Ste. 910
Portland, OR 97204
Tel: 503-228-6474
Fax: 503-228-2556
david@sugermandahab.com
nadia@sugermandahab.com

*Proposed Liaison and Class Counsel for Plaintiffs*

# EXHIBIT A

## EXHIBIT A

| Map and Taxlot # | Address | Account No. | Surplus |
|---|---|---|---|
| 17-02-31-21-01000 | 660 32nd St, Springfield 97478 | 0118800 | $64,575 |
| 17-02-34-12-00300 | 6596 Thurston Rd, Springfield 97478 | 0138055 | $875 |
| 19-12-02-41-00700 | No Situs | 0858561 | $355 |
| 18-12-27-21-07600 | 1600 Rhododendron Dr, #265, Florence 97439 | 1071198 | $26,035 |
| 17-03-20-24-03800 | No Situs | 0171262 | $52,641 |
| 16-06-26-00-01300 | 24600 Hwy 36, Cheshire 97419 | 0066561 | $77,055 |
| 17-12-26-42-06400 | No Situs | 0541126 | $2,478 |
| 17-12-26-42-07100 | No Situs | 0541191 | $2,586 |
| 19-03-14-34-00500 | No Situs | 0835163 | $85 |
| 17-04-28-23-11700 | 4997 Morely Lp, Eugene 97402 | 1330354 | $97,774 |
| 19-03-20-00-00505 | No Situs | 1026028 | $14,943 |
| 21-35-10-33-04000 | No Situs | 1828944 | $16,391 |
| 17-05-29-00-00303 | No Situs | 1869369 | $154 |
| 17-03-25-32-00200 | 1342 Quinalt St | 0208106 | $62,458 |
| 17-12-35-23-01000 | No Situs | 0543361 | $17,663 |
| 18-04-03-44-00200 | No Situs | 0718179 | $70,282 |
| 18-12-34-42-02400 | No Situs | 0805505 | $38,400 |
| 18-12-23-31-03000 | 253 Outer Dr | 0996221 | $43,072 |
| 16-07-18-46-01401 | No Situs | 1449204 | $8,459 |
| 18-12-23-24-01100 | 892 32nd Pl, Florence 97439 | 1515210 | $223,066 |
| 16-07-18-42-00400 | No Situs | 0071173 | $2,401 |
| 18-12-02-30-04800 | No Situs | 0775187 | $4,891 |
| 20-03-28-13-10400 | 1138 Thayer Ave, Cottage Grove | 0890739 | $25,851.00 |
| 17-02-33-34-00800 | No Situs | 0136356 | $40,776.00 |
| 17-03-27-41-05200 | 1575 & 1577 Laura St, Springfield | 0234250 | $95,180.00 |
| 17-01-32-10-00200 | No Situs | 0102010 | |
| 17-01-32-10-00202 | No Situs | 0102036 | |
| 17-01-32-10-02700 | No Situs | 0102374 | |
| 18-12-24-23-08000 | No Situs | 1674777 | |
| 17-02-31-31-06814 | No Situs | 1790219 | |
| 18-12-14-40-01400 | No Situs | 1852670 | |
| 20-03-28-14-01134 | No Situs | 1435583 | |

| | | | |
|---|---|---|---|
| 17-03-26-12-01121 | No Situs | 1242567 | |
| 17-03-26-12-01122 | No Situs | 1242575 | |
| 17-04-21-43-09301 | No Situs | 1856259 | |
| 17-03-17-43-13000 | No Situs | 1863529 | |
| 20-03-33-31-05600 | No Situs | 0915130 | |
| 17-02-24-00-01207 | No Situs | 1092194 | |
| 17-04-32-11-00600 | No Situs | 1799384 | |
| 17-04-32-12-00101 | No Situs | 1799392 | |
| 17-04-32-12-00102 | No Situs | 1799400 | |
| 17-09-34-00-00200 | No Situs | 0531283 | |
| 19-05-36-00-00700 | No Situs | 0850519 | |
| 21-01-31-00-01300 | No Situs | 1046539 | |
| 21-01-34-00-00801 | 39253 Row River Rd, Dorena | 1140746 | |
| 18-05-34-00-00700 | No Situs | 1849619 | |
| 16-04-08-34-00501 | No Situs | 1876125 | |
| 17-01-27-22-01400 | No Situs | 0099059 | |
| 17-02-35-24-09800 | No Situs | 1882628 | |
| 17-04-02-42-03400 | No Situs | 1883295 | |
| 21-03-07-00-00101 | No Situs | 1883907 | |

# EXHIBIT B

# CLASS ACTION SETTLEMENT NOTICE

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON

*Martin Lynch, et al. v. Multnomah County, et al.,*
District of Oregon,
Case No. 3:23-cv-01502

## PROPOSED SETTLEMENT WITH LANE COUNTY

**If you held or are the heir and successor to a person or entity who held an ownership interest in, or a valid lien on, real property that was foreclosed on and in Lane County and for which the statutory redemption period expired between October 12, 2017 and December 30, 2025, for the non-payment of real property taxes, you may be entitled to a payment from a class action settlement.**

*A federal court authorized this Notice.*

- A settlement (the "Settlement") has been proposed between Plaintiffs and Defendant Lane County in the class action lawsuit referenced above pending in the United States District Court for the District of Oregon captioned *Martin Lynch, et al. v. Multnomah County, et al.*, Case No. 3:23-cv-01502.

- This class action alleges that Oregon counties, including Lane County, violated the rights of Class Members by taking tax-foreclosed properties and either selling them or retaining them without returning to the property owners the Surplus Equity or Surplus Proceeds in those properties. "Surplus Equity," or "Surplus Proceeds," is defined as the difference between the property's sale price (or its real market value) and the amount of unpaid taxes, fees, and related costs. Lane County has chosen to resolve the claims brought against it by entering into this Settlement.

- The United States District Court for the District of Oregon ordered the issuance of this Notice. Lane County denies that it has done anything wrong and has defended itself. The Court has not decided who is right. Both sides have agreed to settle the dispute to avoid burdensome and costly litigation. The Settlement offers Settlement Payments of Surplus Equity or Surplus Proceeds to members of the Settlement Class who file Eligible Claims.

- The Parties were able to reach this Settlement which considers the various risks identified above and seeks to end for the County participating in the Settlement liability

arising from the United States Supreme Court's decision in *Tyler v. Hennepin County, Minn*. 598 U.S. 631 (2023).

- **You are being sent this Notice as a potential Class Member or heir of a Class Member and may be entitled to participate in the proposed Settlement. Your rights and options are detailed in this Notice, along with deadlines to act.**

- **Your legal rights are affected whether you act or not. Read this Notice carefully.**

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:** | |
|---|---|
| **SUBMIT A CLAIM FORM BY [DATE]** | If you are a member of the Settlement Class or an heir to a Class Member, you must submit a completed Claim to be eligible to receive a Settlement Payment. You may do so online at **www.WEBSITE.com or by mail**. |
| **EXCLUDE YOURSELF BY [DATE]** | You may request to be excluded from the Settlement, and if you do, you will **not** receive a Settlement Payment. The deadline to exclude yourself from the Settlement is [DATE]. Excluding yourself from the Settlement is the only way to retain your right to sue Defendant Lane County on your own over the claims alleged in the lawsuit. |
| **OBJECT BY [DATE]** | Write to the Court and object to any terms of the Settlement. You are still eligible to file a Claim and still remain in the Class if you make an objection. |
| **GO TO THE FAIRNESS HEARING** | The Court has scheduled a hearing to evaluate the fairness of the Settlement and Lead Counsel's request for attorneys' fees and reimbursement of costs to take place on [DATE], at xx:00 a/p.m. (the "Fairness Hearing"). You may attend the hearing at your own expense, but it is not necessary. You may ask to speak in court about the fairness of the Settlement if you did not exclude yourself, but you must first notify counsel. |
| **DO NOTHING** | You will **not** receive a Settlement Payment if you fail to timely submit an Eligible Claim and you will give up your right to bring your own lawsuit about the claims in this case, but you will still be bound by all decisions the Court makes in this matter addressing these claims. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court in charge of this case still must decide whether to approve the Settlement. If it does, and after any appeals are resolved, Settlement Payments will be distributed to those who submit Eligible Claims. Please be patient.

# BASIC INFORMATION

**1. Why was this Notice issued?**

The Court authorized this Notice because you have a right to know about a proposed Settlement of a class action lawsuit. If you are a member of The Settlement Class, you have legal rights and options that you may exercise before the Court decides whether to give final approval to the Settlement, as described below.

**2. What is the lawsuit about?**

Individuals who owned real property in Lane County (the "Plaintiffs") allege that Lane County (and other Oregon counties not participating in this Settlement) violated their and Class Members' rights by taking and either selling or retaining tax-foreclosed properties and failing to remit to Plaintiffs and Class Members the equity in those properties. These claims have become known as surplus-proceeds or surplus-equity claims. Lane County denies Plaintiffs' allegations.

For additional information about the claims, arguments, and history of the case, you may view the pleadings and other important documents filed in the case at **www.WEBSITE.com**. The complete docket or court file can be reviewed via the Court's electronic docket known as PACER at ecf.ord.uscourts.gov, but you must register for an account and pay fees to review filings. You may also review the docket online for free by visiting any of the court's locations. The addresses and rules governing courthouse entry are also available at ord.uscourts.gov.

**3. What is a class action and who is involved?**

In a class action, one or more people called "class representatives" sue on behalf of a group of people who may have similar claims. The people together are a "class" or "class members." The individuals who sue—and all the class members like them—are called the plaintiffs. The entities that they sue are called the defendants. In a class action, the Court resolves the issues for all class members, except for those who exclude themselves from the class. The Court has decided that the claims against Lane County may be settled as a class action if they meet the procedural requirements which govern class actions.

Plaintiffs and their attorneys sued a number of Oregon Counties, but only Lane County is participating in this Settlement. Accordingly, "Defendant" as used in this Notice refers to Lane County only. The lawsuits are continuing against the other defendant counties.

**4. Why is there a settlement?**

The Court has not found in favor of Plaintiffs or Defendant. Instead, the Plaintiffs and Lane County have agreed to a Settlement. By agreeing to the Settlement, the Parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, the Settlement Class will receive the benefits described in this Notice. Lane County denies all legal claims in this case but is settling to avoid the uncertainties and costs attendant with litigation. The Plaintiffs and their lawyers think the proposed Settlement is best for everyone who is affected.

## WHO IS PART OF THE SETTLEMENT?

**5. Am I part of the Class and included in the Settlement?**

The Class includes the following individuals: "All Persons and entities, and their heirs, successors and assignees, who owned, or had an ownership interest in, or a valid lien on real property that Defendant Lane County obtained through a foreclosure action to satisfy unpaid real estate taxes or other County or local government taxes and fees and associated fees and penalties, as set forth in the schedule attached hereto as Exhibit A, which the County (1) sold for an amount in excess of the unpaid taxes, fees and other costs associated with that property, and for which the statutory redemption period expired during the Class Period, (2) still owns as of the execution date of this Settlement Agreement and may sell for an amount in excess of the unpaid taxes, fees and other costs associated with that property, and for which the statutory redemption period expired during the Class Period, or (3) donated without a public auction and transferred to a housing agency, non-profit housing-related organization or otherwise for low income housing and for which the statutory redemption period expired during the Class Period."

A list of the property addresses for which Surplus Proceeds or Surplus Equity was obtained is available on the Claims Administrator's website www.WEBSITE.com. If you had an ownership interest in one of these properties (including a valid lien interest) at the time of a tax foreclosure which resulted in surplus proceeds, you are a member of the Settlement Class.

**6. What if I'm still not sure I am a Class Member?**

If you are still not sure whether you are included or you have additional questions, you can review the FAQs on the Settlement website, **www.WEBSITE.com** or call the Claims Administrator toll-free at **PHONE NUMBER**.

## THE SETTLEMENT BENEFITS

**7. What does the Settlement provide?**

In consideration for the Settlement and the release and bar order contained in Section I of the Settlement Agreement, Defendant has agreed to pay the amount of **$1,348,311.60.** This amount represents 100% of the surplus proceeds obtained from most eligible properties that were sold, plus applicable interest, fees, and administration costs. Each Class Member who submits a valid claim will receive a Settlement Payment from the Settlement Fund based on the Class Member's pro rata share of the Settlement Fund, after deducting attorneys' fees, expenses and service awards to class representatives. If more than one valid claim is made from a property, the total amount available to pay claims connected with that property will be the share of the proceeds associated with that property. The total amount of the Settlement Payment to be paid to each claimant cannot be calculated until all claims have been submitted and validated. Under the Settlement Agreement, Class Members may submit claims regarding the Surplus Equity in retained properties in the same manner as properties that have been sold. The Settlement Fund will also be used to pay for administration of the Settlement, including notice and claims administration costs. Class Counsel intends to ask that the Court award them attorneys' fees in an amount that will not exceed 25% of the Settlement Fund. Any funds remaining after the payment of Settlement administration costs, payment of valid Class Member claims and payment of attorney fees will be paid to reimburse Lane County for any payments it makes to Potential Claimants who submit a valid request for exclusion from the Class and are paid on or before the end of the claims period. Any funds remaining after that will be distributed to the Lane County Legal Aid Office of Oregon Law Center to fund housing-related legal services, or such other programs as the parties agree and the Court approves in accordance with Oregon law.

## 8. How do I file a claim?

To qualify for a Settlement Payment, you must complete and submit a Claim. You can file your Claim online at **www.WEBSITE.com** or send it by U.S. Mail to:

**[ADD ADDRESS]**

**The deadline to submit a Claim Form is [TIME] on [DATE].**

No matter which method you choose to file your Claim, please read the claim form carefully and provide all the information required.

**You may file the claim form on your own. If you have any questions or need assistance filing your claim form, you should contact the Claims Administrator and/or the Class Counsel listed in Section 14 below who will help you for no additional fee. You may be solicited by companies or services that offer to prepare claims for you and charge an additional fee to you for this service. You are not required to use any such services. Any assistance you require is available through the Court appointed Claims Administrator and Class Counsel at no additional charge to you.**

## 9. When will I receive my Settlement Payment?

Settlement Payments to Class Members will be made only after the Court grants final approval to the Settlement and after any appeals are resolved (*see* "Fairness Hearing" below). If there are appeals, resolving them can take time. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 10. How do I get out of the Settlement?

If you do not wish to be eligible for a Settlement Payment, and you want to keep the right to sue Defendant on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself – or it is sometimes referred to as "opting-out" of the Class.

To exclude yourself individually from the Settlement, you must send a timely letter by mail to:

**[ADD ADDRESS]**

Your request to be excluded from the Settlement must include the following: (i) name; (ii) current mailing address; (iii) telephone number; (iv) address, parcel number, and/or legal description of the Eligible Property; (v) County in which the Eligible Property is located; (vi) year of post-foreclosure sale of Eligible Property; and (vii) a statement that the Eligible Claimant wishes to be excluded from the Settlement Class. Any request for exclusion must be signed by the person or entity requesting exclusion (not by an attorney). Absent excluding yourself or "opting-out" you are otherwise a member of the Settlement Class.

**Your exclusion request must be postmarked by [DATE].**

You cannot ask to be excluded on the phone, by email, or at the website. Opt-outs must be made individually and cannot be made on behalf of other members of the Settlement Class.

### 11. If I do not exclude myself, can I sue the Defendant for the same thing?

No. Unless you exclude yourself, you give up the right to sue Defendant for the claims that the Settlement resolves. You must exclude yourself from this Settlement to pursue your own lawsuit. Additionally, the Parties intend to ask the Court to enjoin Class Members from participating in federal court litigation regarding the subject matter of the settlement while the Court considers approval of the Settlement. If the Court grants that motion, you will be required to opt out of the Class should you wish to pursue such litigation.

### 12. What am I giving up by staying in the Settlement Class?

Unless you opt-out of the Settlement, you cannot sue or be part of any other lawsuit against Defendant about the issues in this case, including any existing litigation, arbitration, or proceeding. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at www.WEBSITE.com. The Settlement Agreement provides more detail regarding the Release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully.

### 13. If I exclude myself, can I still get a Settlement Payment?

No. You will not get a Settlement Payment from the Settlement Fund if you exclude yourself from the Settlement.

In order to receive a Settlement Payment, you must remain in the Settlement Class and return your completed claim form.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in the case?

The Court has appointed the law firms of Fink Bressack, Kohn Swift & Graf, and Preti Flaherty Beliveau & Pachios to represent the Class. They are called "Lead Counsel." They are experienced in handling similar class action cases. You may contact Lead Counsel using the information below:

| | | |
|---|---|---|
| Nathan J. Fink<br>Fink Bressack<br>38500 Woodward Ave.<br>Suite 350<br>Bloomfield Hills, MI 48304<br>(248) 971-2500<br>www.finkbressack.com | Joseph C. Kohn<br>Kohn Swift & Graf, P.C.<br>1600 Market Street, Suite 2500<br>Philadelphia, PA 19103<br>(215) 238-1700<br>www.kohnswift.com | Gregory P. Hansel<br>Preti Flaherty Beliveau & Pachios, Chartered, LLP<br>One City Center<br>P.O. Box 9546<br>Portland, ME 04112<br>(207) 791-3000<br>www.preti.com |

The Court has also appointed Sugerman Dahab as Liaison Counsel to represent the Class. They are also experienced in handling class action cases. You may contact Liaison Counsel using the information below:

| |
|---|
| David Sugerman<br>Sugerman Dahab<br>One Main Place<br>101 SW Main St., Suite 910<br>Portland, OR 97204<br>(503) 228-6474<br>www.sugermandahab.com |

### 15. Should I get my own lawyer?

You are not required to hire your own lawyer because Lead Counsel is working on your behalf. If you want to hire your own lawyer, you certainly can, but you will have to pay that lawyer yourself. If you do hire your own lawyer, they may enter an appearance for you and represent you individually in this case.

### 16. How will the lawyers be paid?

You do not have to pay Class Counsel, or anyone else, to participate. Instead, Class Counsel intend to apply for a fee award in an amount that will not exceed 25% of the amount paid into the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

### 17. How do I tell the Court if I do not like the Settlement?

If you are a member of the Settlement Class (and do not exclude yourself from the Class), you can object to any part of the Settlement and/or to the request of Class Counsel for an award of attorney's fees by sending a timely letter by mail to:

[ADD ADDRESS]

Your letter must include the following:

1) A caption or title that identifies it as "Objection to Class Settlement in *Martin Lynch v. Multnomah County*, Case No. 3:23-cv-01502";
2) Your name, current address, and telephone number;
3) The name, address, and telephone number of any attorney for you with respect to the objection;
4) The factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for your standing as a Class Member;
5) Identification of the case name, case number, and court for any prior class action lawsuit in which you and/or your attorney (if applicable) has objected to a proposed class action settlement; and

**Your objection must be postmarked by [DATE].**

### 18. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you, and you will not be allowed to file a claim to receive a payment from the settlement.

# THE FAIRNESS HEARING

**19. When and where will the Court decide whether to approve the Settlement?**

The Court has scheduled a Fairness Hearing at **[TIME] on [DATE]**, at **[LOCATION]**.

The hearing may be moved to a different date or time without additional mailed notice, so it is a good idea to check www.WEBSITE.com for updates periodically. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for attorneys' fees and expenses. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take.

**20. Do I have to attend the hearing?**

No. Class Counsel will answer any questions the Court may have. You are welcome to attend the hearing at your own expense.

**21. May I speak at the hearing?**

If you attend the Fairness Hearing, you may ask the Court for permission to speak if you have timely objected and you so choose. However, you cannot speak at the hearing if you exclude yourself from the Settlement.

# IF YOU DO NOTHING

**22. What happens if I do nothing at all?**

If you are a member of the Settlement Class and do nothing, meaning you do not file a timely Claim, you will **not** get a Settlement Payment. Further, unless you exclude yourself, you will be bound by the judgment entered by the Court.

# GETTING MORE INFORMATION

**23. Where do I get more information?**

For more information, you may contact the Claims Administrator toll-free at **[ADD NUMBER]** or write to the Claims Administrator at *Martin Lynch v. Multnomah County*, c/o **[ADDRESS]**. For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement at **www.WEBSITE.com**.

**- PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS -**

# EXHIBIT C

**If You Owned, Inherited, or held an Interest in Property that was Foreclosed on in Lane County for non-payment of property taxes and the statutory redemption period expired between October 12, 2017 and December 30, 2025**
**You could be eligible for money from a Settlement.**

This Notice is authorized by a federal court to advise you that you could be a potential Class Member or an heir of a Class Member. You may be entitled to participate in the proposed Settlement. Your rights and options are detailed in this Notice, along with deadlines to act.

**What is this about?**
A proposed Settlement in a class action lawsuit called *Martin Lynch, et al. v. Multnomah County, et al.*, Case No. 3:23-cv-01502, pending in the United States District Court for the District of Oregon. This class action lawsuit alleges that many counties in Oregon violated the rights of property owners or heirs by failing to pay to the former owners or other interest holders the equity in their tax-foreclosed properties that exceeded the unpaid taxes, fees, and other costs associated with those properties. These claims have become known as surplus-proceeds or surplus-equity claims. Only Lane County is participating in this Settlement.

**Who is included?**
You are included as a Class Member if you owned, inherited, or held an interest in property foreclosed on and sold, donated or transferred by Lane County between October 12, 2017 and December 30, 2025. (Common examples of interests in real property include ownership, mortgage interests, and other types of liens.) If the original owner or interest holder is deceased or no longer exists, then heirs or successors are included as Class Members.

**What does the Settlement provide?**
Each Class Member who submits a valid claim will receive a payment of the surplus from the tax-foreclosed property. Under the Settlement Agreement, Class Members may submit claims regarding the surplus equity in retained properties in the same manner as properties that have been sold. Lane County has agreed to pay 100% of the surplus proceeds obtained from most eligible properties that were sold, plus applicable interest, fees, and administration costs. The total settlement fund is $1,348,311.60. The settlement fund will cover payments to Class Members who submit valid claims, the costs of administering the Settlement, and attorneys' fees which will not exceed 25% of the settlement fund. Class Members do not need to pay anything to participate in the Settlement. **The deadline to submit a Claim is [TIME] on [Month 00, 2026]**.

**What are your rights?**
- **File a Claim:** You must complete and submit a Claim to qualify for a payment under the Settlement. You may file your Claim online or download a claim form at

**www.WEBSITE.com**. If you submit by U.S. mail, claim forms should be sent to **[ADDRESS]. Claims must be postmarked by [TIME] on [Month 00, 2026]**.

- **Do Nothing**: If you do nothing, you will **not** receive money, but you will be legally bound by decisions of the Court and will give up any right to sue for the claims resolved by this Settlement.
- **Opt Out**: If you do not want to be bound by the Settlement, **you must exclude yourself by [Month 00, 2026]**. The Parties intend to ask the Court to enjoin Class Members from participating in federal court litigation regarding the subject matter of the settlement. If the Court grants that motion, you will be required to opt out of the Class should you wish to pursue such litigation.
- **Object**: You may file an objection with the Clerk of Court and explain why you do not like the Settlement. You may still participate in the Settlement by filing a Claim. **Objections must be filed by [Month 00, 2026].**

**The Court has appointed Class Counsel to act on behalf of the Class. You have the right to retain your own counsel at your own expense.**

Complete instructions on how to file a Claim, opt out, or object can be found at **www.WEBSITE.com** or by calling **[PHONE NUMBER]**.

**When is the Fairness Hearing?**
The Court will hold a hearing on **[Month 00, 2026]**, at **[TIME]** at [court address] to hear any objections, determine if the Settlement is fair, and to consider Class Counsel's request for attorney's fees and expenses. The total amount cannot be calculated until all claims have been submitted and validated. The motion for attorneys' fees and expenses will be posted to the settlement website after it is filed. Class Members may attend the Hearing, but they aren't required to.

***This is only a summary***. If you have questions or want more information about this lawsuit, the Settlement, and your rights under the Settlement, visit **www.WEBSITE.com**, call **[PHONE NUMBER]**, or write to: [ADDRESS].

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| MARTIN LYNCH, et al.,<br><br>Plaintiffs,<br><br>V.<br><br>MULTNOMAH COUNTY, et al.,<br><br>Defendants. | Case No. 3:23-CV-01502 |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT WITH LANE COUNTY, CONDITIONALLY CERTIFYING CLASS FOR SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SETTING DATE FOR FINAL APPROVAL HEARING**

Plaintiff Martin Lynch, as Personal Representative of the Estate of Lynn Arden Graham-Lynch, individually on behalf of himself and the proposed Settlement Class, seeks preliminary approval of the Settlement Agreement between Plaintiffs and Defendant Lane County, Oregon in its entirety and approval of the notice procedure, the proposed Notices (Exhibits 1(B) and 1(C) to Plaintiffs' Motion for Preliminary Approval), the proposed Claim Form (Exhibit 1(F) to Plaintiffs' Motion for Preliminary Approval), and all of the requirements for potential Class Members to either opt-out of or object to the Settlement Agreement, and the conditional certification of the proposed Settlement Class.

This Court, having reviewed the pleadings in the case and the submissions of the parties with respect to preliminary approval of the proposed Settlement Agreement, and for good cause shown;

IT IS HEREBY ORDERED, this ____ day of __________________, 2026, that pursuant to Federal Rule of Civil Procedure 23(e):

1. This Order incorporates by reference the definitions in the Settlement Agreement (a copy of which is attached as Exhibit 1 to Plaintiff's Motion for Preliminary Approval), and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2. The Settlement Agreement, together with its attached exhibits and/or referenced documents, sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the Action. The Settlement Agreement was the result of an extensive, arm's length negotiation conducted between the parties over the course of several months.

3. The Court will direct notice to the Settlement Class because giving notice is justified by Plaintiff's showing that the Settlement Agreement is within the range of possible final judicial approval under Rule 23(e)(2). Specifically, the Settlement Agreement preliminarily appears to be (a) fair, reasonable, and adequate considering the relief provided in the Settlement Agreement and the relevant factual, legal, practical, and procedural considerations of the Action, and (b) free of collusion to the detriment of putative Class Members, subject to further consideration thereof at the Final Approval Hearing as described below. The Settlement Class appears likely to satisfy the prerequisites of Rule 23(a) and Rule 23(b)(3). Accordingly, the Settlement Agreement and the settlement are sufficient to warrant notice thereof and a full hearing before the Court on the final approval of the settlement.

4. If, for any reason, the Settlement Agreement is not finally approved or does not become effective, this Order, shall be null and void and automatically deemed vacated. Neither the Settlement Agreement nor anything related to the negotiation, consideration, or approval of it shall be used, referred to, proffered, or admissible for any purpose in this Action or any other action or proceeding. In such event, the parties and the putative Class Members shall be returned to the

same litigation position that they were in prior to seeking preliminary approval of the Settlement Agreement, and they shall be free to raise all claims, defenses, and arguments as they would have been able to had they never negotiated or sought approval of the Settlement, including opposing class certification on any and all grounds (including but not limited to Rule 23(a) and (b)(3)).

5. Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rule 23(a) and (b)(3), this Court hereby conditionally certifies the following class (the "Settlement Class"):

> All Persons and entities, and their heirs, successors and assignees, who owned, or had an ownership interest in, or a valid lien on real property that Defendant Lane County obtained through a foreclosure action to satisfy unpaid real estate taxes or other County or local government taxes and fees and associated fees and penalties, as set forth in the schedule attached hereto as Exhibit A, which the County (1) sold for an amount in excess of the unpaid taxes, fees and other costs associated with that property, and for which the statutory redemption period expired during the Class Period, (2) still owns as of the execution date of this Settlement Agreement and may sell for an amount in excess of the unpaid taxes, fees and other costs associated with that property, and for which the statutory redemption period expired during the Class Period, or (3) donated without a public auction and transferred to a housing agency, non-profit housing-related organization or otherwise for low income housing during and for which the statutory redemption period expired during the Class Period.

6. Consistent with the Settlement Agreement, the following are excluded from the Settlement Class:

(i) All governmental units and entities of any type whatsoever including, but not limited to, U.S. Department of Treasury, the Internal Revenue Service, the State of Oregon and Lane County, albeit this provision does not apply to estate administrators who are pursuing claims on behalf of a deceased Eligible Claimant's estate;

(ii) All former holders of an interest in an Eligible Property as to which any Eligible Claimant or Potential Claimant has submitted a request to be excluded from the Class under the procedures set forth in the Class Notice that is accepted by the Court and that is not timely revoked;

(iii) All former holders of an interest in an Eligible Property or Potential Eligible Property by reason of a lien to secure payment of a debt or

judgment, which debt or judgment has since been satisfied or released; and;

(iv) All Potential Claimants who have already released their claim for Surplus Proceeds against Lane County through a settlement agreement, release or final judicial judgment as to which there is no appeal pending and/or the time to appeal has expired.

7. The Court preliminarily appoints Plaintiff Martin Lynch, as Personal Representative of the Estate of Lynn Arden Graham-Lynch as the class representative for the Settlement Class.

8. Pursuant to Rule 23(g), the Court appoints Lead Counsel for the Settlement Class (Fink Bressack; Kohn, Swift & Graf, P.C., and Preti, Flaherty, Beliveau & Pachios, Chartered, LLP) and Liaison Counsel for the Settlement Class (Sugerman Dahab) (collectively "Class Counsel"), finding that Class Counsel are well-qualified and experienced in class action litigation, and will fairly and adequately represent the Settlement Class.

9. Kroll Settlement Administration is hereby appointed as Claims Administrator to provide Notice to Potential Claimants as described in Paragraphs 22 through 33 of the Settlement Agreement, and to administer the process of soliciting, receiving, reviewing, approving or denying claims, and distributing funds.

10. The proposed form, content, and procedures of notice to the Potential Claimants are approved. The Notice to be provided to the Potential Claimants clearly, concisely, and in plain language advises them of, among other things, the nature of the Action, the proposed Settlement Agreement, the definition of the Settlement Class, the claims the Settlement Class would release, the consideration the Settlement Class would receive, Class Counsel's intended application for attorneys' fees and expenses, putative Class Members' right to participate individually or through an attorney and object to the Settlement Agreement or any portion of it, putative Class Members' right to opt out and exclude themselves from the Settlement Agreement, and the binding nature of

the Settlement Agreement if it is ultimately approved. The Notice to be provided to Potential Claimants is the best notice practicable under the circumstances, and constitutes due and sufficient notice of the proposed Settlement Agreement and this Order to all persons affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Rule 23 and due process.

11. Within forty-five (45) days of entry of this Order, the Claims Administrator shall begin providing notice of the Settlement Agreement and the Final Approval Hearing to Potential Claimants as described in the Settlement Agreement, including by (i) mailing the written Notice, along with a Claim Form, to the most recent known address for each Potential Claimant; (ii) publishing the Summary Notice (Exhibit 1(C) to Plaintiffs' Motion for Preliminary Approval) in appropriate publications and electronically; (iii) issuing a press release which will provide summary information regarding the Settlement; and (iv) creating a dedicated website for the Settlement, www.LaneTaxForeclosureSettlement.com.

12. The deadline for Class Members to submit a Claim Form is 180 calendar days after entry of this Order.

13. No later than 60 calendar days after the mailing and publication of notice of the Settlement Agreement to the Settlement Class, any putative Class Member wishing to be excluded from the Settlement Class shall mail an opt-out request to the Claims Administrator conforming in all respects to the terms and provisions of the Notice. Those who timely and properly do so shall neither participate in the settlement nor release their claims, and they forego (a) all the benefits they might otherwise receive because of the settlement and (b) their standing to participate in the Final Approval Hearing or object to the proposed Settlement Agreement or any portion of it. Failure to opt out in strict compliance with the time and manner requirements set forth in the

Notice shall result in waiver of the right to opt out. All potential Class Members who either do not attempt to or fail to properly and timely opt out shall remain part of the Settlement Class and, to the extent the Settlement Agreement is ultimately approved, shall be bound by the settlement.

14. The Notice shall designate the Claims Administrator as the entity to whom opt-out requests shall be sent. The Claims Administrator shall be responsible for the receipt of all responses from putative Class Members and shall preserve all opt-out requests and any and all other written communications from putative Class Members or any other person in response to the Notice until administration of the Settlement is complete or pursuant to further Order of this Court. All written communications received from putative Class Members and all written responses to inquiries by them relating to the Settlement Agreement and settlement shall be available at all reasonable times for inspection and copying by counsel for Defendant Lane County and Class Counsel, subject to further Order of the Court if issues of privilege or confidentiality arise.

15. Any Class Member who does not attempt to or fails to properly and timely opt out of the Settlement Class may, but is not required to, enter an appearance either *pro se* or through counsel of that Class Member's own choosing and expense. Any Class Member who does not enter a separate appearance shall be represented by Class Counsel. Class Members who are in favor of the proposed Settlement need not appear at the Final Approval Hearing or take any other action to indicate their approval.

16. Any Class Member who will challenge or object to the fairness, reasonableness, or adequacy of the Settlement Agreement or any portion of the settlement, including without limitation the amount of Class Counsel's requested fees and expenses must remain part of the Settlement Class and must serve on the Parties a timely and valid statement of Objection that complies with the Objection procedure described in the Notice. Any Objection must be filed with

the Clerk of Court and postmarked no later than 60 calendar days after the mailing and publication of the Notice of the Settlement Class. Class Counsel shall file all such Objections with the Court at least 14 days before the Final Approval Hearing. Any objecting Class Member may appear at the Final Approval Hearing in person, with or without such Class Member's separate counsel. The scope of any objector's presentation of evidence or argument at the Final Approval Hearing shall be limited to such objector's written objection. Any Class Member who fails to file and serve an objection in compliance with the deadlines and procedures, and containing the information required by the Notice, shall be deemed to have forever waived and forfeited the right to object to the Settlement Agreement or any part of the settlement or to raise or pursue an objection at the Final Approval Hearing or at any point thereafter, including through appeal or as part of a separate proceeding.

17. Within ten days of the filing of the Motion for Preliminary Approval, Defendant's counsel shall send notice to the Attorney General of the United States, the Attorney General of the State of Oregon, and the appropriate state official of each state in which a class member resides, based on the last address known to Defendant. Each such notice shall contain all of the information required under 28 U.S.C. § 1715. At least seven (7) days before the Final Approval Hearing, Defendant's counsel shall file a report with the Court confirming that these notices were timely sent.

18. All other events contemplated under the Settlement Agreement to occur after this Order and before the Settlement Fairness Hearing described in this Order shall occur as proposed in the Motion for Preliminary Approval, to the extent not inconsistent herewith.

19. The motion for final approval and the motion for attorneys' fees and expenses shall be filed not later than 30 calendar days after mailing and publication of the Notice to the Settlement Class.

20. A Final Approval Hearing shall be held before the undersigned at ______________________ on__________________ at _____ [a.m./p.m.], in the United States District Court for the District of Oregon, 1000 SW 3rd Ave, Portland Oregon to consider the fairness, reasonableness, and adequacy of the proposed Settlement Agreement, the entry of any final order or judgment in the action, any application for attorneys' fees and costs, and other related matters. The Final Approval Hearing may be postponed, adjourned, conducted virtually or continued by further Order of this Court without further notice to the putative Settlement Class.

21. All proceedings in the action other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto are stayed and suspended as to Defendant Lane County only until further notice of this Court. Pending final determination of the fairness, reasonableness, and adequacy of the proposed Settlement Agreement, no putative Settlement Class Member, other than those who timely and properly have opted out of the Class, may either directly or indirectly prosecute, institute, or commence any individual or class action with respect to the subject matter of this Action.

SO ORDERED.

Dated: ______________, 2026

______________________________________
The Honorable Karin J. Immergut
U.S. District Judge

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**PORTLAND DIVISION**

MARTIN LYNCH, et al.,

Plaintiffs,

v.

MULTNOMAH COUNTY, et al.,

Defendants.

Case No. 3:23-CV-01502

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT BEFORE THE PLAINTIFF SETTLEMENT CLASS AND DEFENDANT LANE COUNTY**

Upon consideration of the Joint Motion for Final Approval of the Settlement of the above-referenced litigation under the terms of a Settlement Agreement (ECF___), and having heard argument regarding the fairness and adequacy of the Settlement Agreement at the Fairness Hearing conducted on ___________, 2026, the Court hereby orders and adjudges as follows:

1. For purposes of this Order, capitalized terms used herein have the definitions set forth in the Settlement Agreement, which is incorporated herein by reference.

2. The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Court's Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement Agreement; (d) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable laws and rules; and (e) constituted notice that was reasonably calculated under the

circumstances to apprise Settlement Class Members of (i) the pendency of the action; (ii) the effect of the proposed Settlement Agreement (including the releases to be provided thereunder); (iii) Lead Counsel's proposed Attorneys' Fees; (iv) their right to object to any aspect of the Settlement Agreement or Lead Counsel's Motion for Attorneys' Fees; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Fairness Hearing. Settlement Notice was timely distributed by mail to all Class Members whose addresses could be located with reasonable effort, as well by publication, and Settlement Notice was published on the Settlement Website maintained by Class Counsel.

3. Class Members had the opportunity to be heard on all issues regarding the reasonableness and adequacy of the Settlement Agreement, including with respect to the resolution and release of their claims, by submitting objections to the Settlement Agreement to the Court, and by participating in the Fairness Hearing.

4. The Motion for Final Approval of the Settlement Agreement is hereby **GRANTED**, the settlement of the litigation as to Defendant Lane County is **APPROVED** as fair, reasonable, and adequate, and the settling parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

5. Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rule 23(a) and (b)(3), this Court hereby certifies the following class (the "Settlement Class"):

> All Persons and entities, and their heirs, successors and assignees, who owned, or had an ownership interest in, or a valid lien on real property that Defendant Lane County obtained through a foreclosure action to satisfy unpaid real estate taxes or other County or local government taxes and fees and associated fees and penalties, as set forth in the schedule attached hereto as Exhibit A, which the County (1) sold for an amount in excess of the unpaid taxes, fees and other costs associated with that property, and for which the statutory redemption period expired during the Class Period, (2) still owns as of the execution date of this

Settlement Agreement and may sell for an amount in excess of the unpaid taxes, fees and other costs associated with that property, and for which the statutory redemption period expired during the Class Period, or (3) donated without a public auction and transferred to a housing agency, non-profit housing-related organization or otherwise for low income housing and for which the statutory redemption period expired during the Class Period.

6. Consistent with the Settlement Agreement, the following are excluded from the Settlement Class:

(i) All governmental units and entities of any type whatsoever including, but not limited to, U.S. Department of Treasury, the Internal Revenue Service, the State of Oregon and Lane County, albeit this provision does not apply to estate administrators who are pursuing claims on behalf of a deceased Eligible Claimant's estate;

(ii) All former holders of an interest in an Eligible Property as to which any Eligible Claimant or Potential Claimant has submitted a request to be excluded from the Class under the procedures set forth in the Class Notice that is accepted by the Court and which is not timely revoked;

(iii) All former holders of an interest in an Eligible Property by reason of a lien to secure payment of a debt or judgment which debt or judgment has since been satisfied or released; and

(iv) All Potential Claimants who have already released their claim for Surplus Proceeds against Lane County through a settlement agreement, release or a final judicial judgment as to which there is no appeal pending and/or the time to appeal has expired.

7. The Court appoints Plaintiff Martin Lynch, as Personal Representative of the Estate of Lynn Arden Graham-Lynch as the class representative for the Settlement Class.

8. For the purposes of settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in this action would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the representatives for the Settlement Class in the action are typical of the claims of the Settlement

Class; (d) the persons and entities appointed as representatives of the Settlement Class and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of this action.

9. The Court finds that the Settlement Agreement was negotiated at arm's length over the course of many months between experienced counsel who were fully informed of the facts and circumstances of this litigation and of the strengths and weaknesses of the case.

10. Pursuant to Rule 23(g), the Court appoints Lead Counsel (Fink Bressack, Kohn, Swift & Graf, P.C., and Preti, Flaherty, Beliveau & Pachios, Chartered, LLP) and Liaison Counsel (Sugerman Dahab) (collectively as "Class Counsel"), finding that Class Counsel are well-qualified and experienced in class action litigation and fairly and adequately represent the Settlement Class.

11. In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, notice was provided to the Attorney General of Oregon, the Attorney General of the United States, and the appropriate state official of each state in which a class member resides, based on the last address known to Defendant.

12. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.*, have been met.

13. Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement Agreement in all respects and finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate to the Settlement Class. In making this determination, the Court considered the following factors: (i) the likelihood of success at trial and the range of possible recovery; (ii) the complexity, expense, and duration of litigation; (iii) the benefits obtained for the Settlement Class under the terms of the

Settlement Agreement; (iv) the procedure used to notify Class Members of the proposed Settlement Agreement; (v) the judgment of experienced counsel; (vi) the stage of proceedings at which settlement was achieved; and (vii) the substance and amount of opposition to the settlement. The Court concludes, among other findings, that (a) Plaintiffs and Class Counsel have adequately represented the Settlement Class; (b) the Settlement Agreement was negotiated by the parties at arm's length; (c) the relief provided by the Settlement Agreement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing relief to the Settlement Class, and the proposed attorneys' fee award; (d) the Settlement Agreement treats members of the Settlement Class equitably relative to each other; and (e) the Settlement Agreement is in the public interest.

14. With respect to the determination that the Settlement Agreement is fair, reasonable and adequate, the Court specifically notes that this Litigation involves complex and novel factual and legal issues, and the settlement amount reflects a substantial settlement to Class Members.

15. This Order is binding on all Class Members, except those individuals, who validly and timely excluded themselves from the Settlement Class, who are also listed in the Declaration of ____________, in Connection with Order for Claims Administrator to File Opt-Out/Objections List & Regarding Response to Objections to Class Settlement, ECF No. ______.

16. Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, and discharged by virtue of these proceedings and this Order.

17. The Court hereby permanently enjoins and restrains Class Members, who did not validly, timely, and in the manner provided for in the Class Notice, exclude themselves from the Settlement Class from commencing or prosecuting any action, suit, claim or demand against any

of the parties released by virtue of the Settlement Agreement arising out of or relating to the Released Claims set forth in the Settlement Agreement.

18. The operative complaint and all claims asserted against Lane County therein in this litigation are hereby dismissed with prejudice and without costs to any of the Parties other than as provided for in the Settlement Agreement.

19. Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction over the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement Agreement; the motion for an award for attorneys' fees and costs; and Settlement Class Members for all matters relating to this action.

20. Judgment is hereby entered pursuant to Federal Rule of Civil Procedure 54(b) dismissing the Action as to Defendant Lane County only there being no just reason to delay entry of such judgment.

21. A separate order shall be entered regarding the motion of Class Counsel for Attorneys' Fees. Such order shall in no way affect or delay the finality of this Order and shall not affect or delay the effective date of the Settlement Agreement.

SO ORDERED.

DATED: __________________, 2026

______________________________
The Honorable Karen J. Immergut
United States District Judge

# EXHIBIT F

| MUST BE FILED ONLINE AT THE WEBSITE BELOW OR POSTMARKED NO LATER THAN [DATE] | **Claim Form**<br>*Martin Lynch, et al v. Multnomah County et al.*, Case No. 3:23-cv-01502<br>**(Lane County Settlement)** | **For Office Use Only** |
|---|---|---|

***All fields marked with an asterisk (*) are required.*** *Claim Forms must be filed online at the Settlement website or postmarked and mailed to the Claims Administrator no later than* ***[DATE]***.

**All Claims Submitted Will Be Subject To Further Verification**

**To receive a Settlement Payment from this Settlement via an electronic payment, you must submit a Claim Form electronically at www.WEBSITE.com by 11:59 p.m. PT on [DATE].**

## I. Contact Information

You must enter your legal name and current contact information:

Class Member ID: ___ ___ ___ ___ ___ ___ ___ ___

_______________________________ ___ _______________________________

Legal First Name or Entity Name* MI Legal Last Name*

_______________________________ _______________________________

Current Address 1* Current Address 2 (*if necessary*)

_______________________________ ___ ___ ___ ___ ___ ___ ___

City* State* Zip*

Telephone Number: (___ ___ ___) ___ ___ ___ - ___ ___ ___ ___

Email Address:* _______________________________@_______________________

## II. Foreclosed Property

**1. Details of Your Interest in the Foreclosed Property:**

__[This section to be prepopulated by the Settlement Administrator]_______________

Property Account Number

_______________________________________________________________

Street Address or Parcel Number

_______________________ _______________ ___ ___ ___ ___ ___

City County Zip

_______________________________________________________________

General description or legal description of the Foreclosed Property (*for example, details about location of foreclosed or a legal description, if available*)

**2. I am filing a Claim as a/an:* (select only one and provide the additional information requested)**

☐ Property Owner

☐ Lienholder: If you are filing as the owner of a valid mortgage (e.g., a lender) or other lien on the Foreclosed Property, provide or attach the following information to assist in processing your claim:

Outstanding, Unpaid Balance of Lien at Time of Foreclosure: $______________

☐ By selecting this checkbox, I declare under oath or otherwise demonstrate using attached documentation that the loan or debt was valid at time of foreclosure and not subject to defense (such as by waiver or passage of limitations period) or otherwise reduced in value and that the lien has not been paid or otherwise satisfied in whole or in part (such as through private mortgage insurance (PMI) or other insurance, such as FHA, VA or USDA).*

☐ Other (please specify): ____________________________________________________________

**3. Are you filing as an Heir or Successor of the interest holder of the Foreclosed Property?***

☐ Yes. If Yes, you must provide the following:

Legal name of the Person that held the original interest: ________________________________

Select your relationship to the original interest holder: (select only one)

☐ Child ☐ Parent ☐ Sibling

☐ Grandchild ☐ Grandparent ☐ Officer/Executive of Successor

☐ Other: ___________________________________

*Provide supporting documentation showing your relationship to the interest holder or the Foreclosed Property. Any request by an heir or successor is subject to verification by the Settlement Administrator*

☐ No.

**4. Are you filing as a personal representative or Trustee of an Estate/Trust?***

☐ Yes. If Yes, you must provide the following information:

The name of the original interest holder: __________________________________________

*Provide supporting documentation showing your appointment or power of attorney.*

☐ No.

## Additional Supporting Documents

The documents listed below may not be required but they will help in processing your claim more quickly. You may attach any documents which you believe might be considered by the Claims Administrator showing your interest in the Foreclosed Property. Providing documentation with this Claim will assist the Claims Administrator in determining that you receive your full Settlement Payment without undue delay.

Supporting Documents might include, but are not limited to, the following:

- **Property Owners** – Deeds, Mortgages, Property Tax Statements, Notices of Assessment, Trust.
- **Heirs/Successors –** Wills, Obituaries, Probate Documents, Death Certificates, Birth Certificates, Marriage Documents, Letters of Testamentary, Court Orders.
- **Lienholders or Heirs/Successors of Lienholders** – Lien Documents at Time of Foreclosure, Assignment of Lien, Certificate of Good Standing, Statement of Balance Owing at Time of Foreclosure.
- **Agents –** Power of Attorney, Court Orders of Appointment, Agency Agreement

## III. Release and Affirmation

Upon the Effective Date, each Class Member including each Plaintiff, for themselves and on behalf of each of their respective spouses, heirs, executors, beneficiaries, administrators, successors, assigns and any other person claiming (now or in the future) through or on behalf of any of them directly or indirectly, shall have released, waived, and discharged each and all of the Released Claims against Lane County (including the County-Related Persons) without regard to whether the Class Member or Plaintiff ever asserts or seeks to assert a Claim.

By signing below and submitting this Claim, you swear or affirm under penalty of perjury that all information contained herein, and all information submitted to the Claims Administrator is truthful and accurate. If you are submitting a Claim as an heir or successor, you further understand that if you receive any benefits under this Settlement, you are accountable for them to any personal representative of the estate (if one is appointed) and to any other person who has a superior right.

_______________________________________________ ___ ___ / ___ ___ / ___ ___ ___ ___

**Signature of Claimant*** **Date* (mm/dd/yyyy)**

---

To be eligible to receive any benefits from the Settlement, you may either submit this form no later than **DATE,** by mail to the address below, or file your Claim online no later than **11:59 p.m. PT** on **DATE**:

**ONLINE:** **www.WEBSITE.com**

**MAIL:** **ADDRESS**